[Civil No. 587.  Filed October 1, 1898.]

[54 Pac. 577.]

## A. L. HENSHAW et al., Plaintiffs and Appellants, v. THE SALT RIVER VALLEY CANAL COMPANY et al., Defendants and Appellees.

1. PLEADING — MULTIFARIOUSNESS — CODE PLEADING.—The objection of multifariousness in a pleading is applicable under the code practice as under the ancient equity practice, and the same rules govern.

2. SAME—SAME—DEFINED.—By multifariousness is meant the improper joining in one bill of distinct and independent matters, and thereby confounding them,—as the joining in one bill of several matters perfectly distinct and disconnected against one defendant, or the demanding of several matters of a distinct and independent nature against several defendants in the same bill.

3. SAME—SAME—MISJOINDER OF CAUSES OF ACTION — MISJOINDER OF PARTIES.—An objection that a bill contains several distinct and disconnected matters against one defendant is, strictly speaking, one of misjoinder of causes of action, and an objection that a bill contains independent and distinct demands against several defendants is one of misjoinder of parties.

4. SAME—SAME—WHEN ENFORCED.—The rule which prohibits multifariousness in a pleading is based upon expediency, and is enforced when distinct matters are so intermingled as to embarrass the defendant in his defense or to render it impracticable for the court to frame a satisfactory decree.

5. SAME—SAME—RAISED BY DEMURRER—OTHERWISE WAIVED.—The objection to multifariousness in a complaint must be taken by demurrer; otherwise, it is waived.

6. SAME—SAME—BILL MAY BE DISMISSED ON COURT'S OWN MOTION.— The court may at any stage of the proceedings before judgment, of its own motion, dismiss a bill which contains the vice of multifariousness.

7. SAME—SAME—DISMISSAL—DISCRETIONARY—APPEAL AND ERROR—REVIEW.—The action of the court in dismissing a bill for multifariousness, whether on demurrer or of its own motion, is a matter of discretion, and will not be disturbed, unless substantial justice requires it.

8. CORPORATIONS—STOCKHOLDERS' SUITS—IRRIGATION—PLEADING — COMPLAINT—CAUSES OF ACTION—JOINDER.—In an action by minority shareholders against a corporation and its directors the complaint alleged that the defendant corporation was organized solely for the purpose of constructing and maintaining a ditch to divert and

carry water from the Salt River; that the shareholders who organized the corporation were at the time of its organization landowners and appropriators of water, and the purpose of the incorporation was to supply such lands with water so appropriated; that their several rights to water were retained by the shareholders, and the only property acquired by the corporation was the dam, canal, and its appurtenances; that the powers of the corporation were limited in the matter of charges to assessments upon the shareholders for the purpose of the maintenance of said canal; that the water appropriated at the time of the organization, six thousand six hundred and seventy inches, was then needed by the shareholders for the proper cultivation of their land, and that they were then entitled thereto; that a majority of the shareholders for four years prior to the filing of the complaint had united in interest, and their acts were adverse to plaintiffs and the others similarly situated; that said majority shareholders elected the directors and officers for the purpose of violating the corporate rights of plaintiffs, by diverting the water appropriated by plaintiffs into other canals for the benefit and in the interests of another canal company in which the majority shareholders and the officers and directors were shareholders; that the majority shareholders were intentionally neglecting and permitting the canal through which plaintiffs obtained their water to become filled up and its carrying capacity to become diminished so that plaintiffs were unable to obtain the water necessary for their lands, and were permitting the water which should have been diverted through said canal to be carried by other canals, for the gain and profit of the majority shareholders; that in furtherance of a plan to control defendant canal company for the benefit of said other corporation, defendants segregated the interests of the shareholders in the waters of Salt River from the land held by said shareholders by creating water-rights, which attempted to limit the right to the use of water, and thereby to diminish the amount to which the shareholders were rightfully entitled; that the majority shareholders caused defendant corporation to charge plaintiffs for the service of water independently of a levy of assessments for the maintenance of the canal; that the majority shareholders had sold a large number of shares to said other corporation, and had segregated the same from the land to which the water was appropriated, and had enabled said corporation to continue to control defendant corporation, for the pecuniary profit and advantage of the majority shareholders alone; that the defendant corporation had, with other canal companies, constructed another canal out of moneys assessed upon shares of plaintiffs, and had subscribed to the stock of said canal and held and voted the same; that defendants, in fraud of the rights of the plaintiffs, during the pendency of a certain suit to which the defendant corporation was a party, had entered into a secret agreement with other parties to said action whereby defendant company was deprived of the right to divert certain waters to the damage of plaintiffs; that

all of said acts were done against the protest of the plaintiffs, and that, although frequently demanded, defendants had denied plaintiffs any relief. The prayer was for an injunction against the continuance of the unlawful acts and for an accounting. *Held,* that as the complaint did not anywhere show that the shareholders had any right to the use of water through the defendant corporation's canal by virtue of their relation as shareholders of the company, the complaint stated two causes of action,—one for violation of the corporate rights of the plaintiffs, and the other for the violation of the personal rights of plaintiffs to the use of water through the canal of defendant company.

9. SAME—SAME—PLEADING—COMPLAINT—CAUSES OF ACTION — JOINDER —MULTIFARIOUSNESS.—A complaint on the part of the minority shareholders in an action where the plaintiffs are the same, the defendants are the same, and the relief sought is equitable in both causes of action, stating a cause of action for relief from corporate wrongs and a cause of action for enforcement of personal rights, is not multifarious, where there is no such inconsistency or repugnancy in the various rights declared on as to cause confusion or embarrassment to the court in administering the relief which the facts might warrant were separate suits brought for the enforcement of the several rights.

10. PLEADING — PARTIES — NON-JOINDER OF PARTIES—OBJECTION, HOW RAISED — DISMISSAL, WHEN WARRANTED — ORDERING ADDITIONAL PARTIES TO BE BROUGHT IN—RIGHT TO REOPEN CASE—TRIAL WITHOUT OBJECTION—DISMISSAL PREJUDICING RIGHTS OF PLAINTIFFS— APPEAL AND ERROR—REVIEW—RELIEF.—Where many of the grievances complained of by plaintiffs involved the transactions of persons not parties to the action, such defect, if raised by the pleadings, might properly be held to be sufficient reason for the dismissal of the action. Otherwise, the court has the power to order such persons brought in and made parties defendant before entering a decree. The fact that, had such parties chosen, they would have had the right to have had the entire case reopened in so far as their rights were involved, with the attendant inconvenience and expense to the remaining defendants, in the absence of any other consideration, would justify the trial court in dismissing the action as a proper exercise of judicial discretion. But in an action involving the rights of third persons, tried without the objection of want of parties being raised, the trial court should have ordered new parties defendant to have been brought in instead of dismissing the action where such dismissal operates oppressively upon the plaintiffs and to their substantial disadvantage, as where the grievances complained of are such as make it probable that the bar of the statute of limitations might be successfully interposed were plaintiffs required to bring a new action; and in case of such dismissal this court will correct the action of the trial court and vacate the order, and grant leave to plaintiffs either to file a

supplemental bill bringing in additional parties defendant or to amend the complaint so as to render this unnecessary, as they shall elect.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. A. C. Baker, Judge. Reversed.

William Herring, for Appellants.

The pleadings in all courts of record shall be by complaint and answer. Rev. Stats., par. 653.

The complaint may contain several different causes of action. Rev. Stats., par. 653.

The complaint shall set forth a full and clear statement of the cause of action, without any distinction between suits at law and in equity, and shall also state the nature of the relief which is requested of the court. Rev. Stats., par. 668; Bliss on Code Pleading, 3d ed., sec. 5.

Only such causes of action may be joined as are capable of the same character of relief. Rev. Stats., par. 670.

The judgment of the court shall conform to the pleading, the nature of the case proved, and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Rev. Stats., par. 793; Bliss on Code Pleading, sec. 161.

Provisions in the Code of Procedure, so far at least as the codes have abolished the distinction between legal and equitable forms of proceeding, are applicable alike to legal and equitable actions. 7 Am. & Eng. Ency. of Plead. & Prac., p. 816; *Blatchley* v. *Coles*, 6 Colo. 82.

The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court shall order them to be brought in. Rev. Stats., par. 727.

This provision of the code requiring the court to order such parties brought in is held to apply particularly to actions which under the old practice would have been suits in equity. *Chapman* v. *Forbes*, 123 N. Y. 532, 26 N. E. 3. And such provision is mandatory. *Robinson* v. *Kind*, 23 Nev. 330, 47 Pac.

1, 977; Maxwell on Code Pleading, 373; Pomeroy on Remedies and Remedial Rights, 419.

In courts of equity bills are not multifarious where the matters set forth are intimately related as parts of a fraudulent scheme or transaction. *Duff* v. *First National Bank,* 13 Fed. 65; *Conley* v. *Buck,* 28 S. E. 97; *Brinkerhoff* v. *Brown,* 6 Johns. Ch. 139; *Norris* v. *Haggin,* 28 Fed. 275; *Stafford National Bank* v. *Sprague,* 8 Fed. 377; *United States* v. *Pratt Coal etc. Co.,* 18 Fed. 708; *Mills* v. *Hurd,* 32 Fed. 127; *Dykman* v. *Keeney,* 21 App. Div. 114, 47 N. Y. Supp. 352.

C. F. Ainsworth, for Appellees.

That the complaint in this case is multifarious, see the following authorities: Story on Equity Pleading, secs. 271, 280, 530; Bliss on Code Pleading, secs. 110, 289, 290; *Brown* v. *Guarantee etc. Co.,* 128 U. S. 412, 9 Sup. Ct. 127, 32 L. Ed. 468; *Young* v. *Cushing,* 4 Bliss, 458, Fed. Cas. No. 18156; *Beasley* v. *Shiverly,* 20 Or. 508, 26 Pac. 846; *Mallow* v. *Hinde,* 12 Wheat. 194, 6 L. Ed. 599.

Where there are several necessary defendants, some of whom are within the jurisdiction of the court and some not, the court cannot pass a decree; and the court is not helped in such case by the act of Congress of 1839, nor by the forty-seventh equity rule; and although a case had been pending for thirteen years, it was dismissed by the supreme court of the United States when it reached that tribunal, be cause all the parties necessary to a final decision were not before the court. *Shields* v. *Barrow,* 17 How. 130, 15 L. Ed. 158. See, also, *Ribon* v. *Railroad Cos.,* 16 Wall. 450, 21 L. Ed. 367; *Bell* v. *Donihoe,* 17 Fed. 710; *Northern Indiana R. R. Co.* v. *Michigan Central Co.,* 15 How. 244, 14 L. Ed. 674; *Coiron* v. *Millaudon,* 19 How. 115, 15 L. Ed. 575.

SLOAN, J.—Plaintiffs brought this suit in the district court of Maricopa County upon the fourth day of May, 1895, to obtain relief in equity against certain wrongs alleged to have been committed by the defendant the Salt River Valley Canal Company, and by the defendants J. W. Evans, W. F. Fulwiler, and M. E. Hurley, as directors of said company. The complaint, as originally filed, was divided by the pleader into five causes of action. Subsequently the complaint was

amended by the addition of another cause of action. These divisions were purely artificial, inasmuch as the matters alleged in the first so-called cause of action were made a part of the second, and the matters alleged in the second made a part of the third, and likewise each subsequent cause of action was made to include all matters previously incorporated in the foregoing causes of action. Disregarding, for the sake of convenience and brevity, these artificial divisions, and discarding unnecessary verbiage, the amended complaint contained the following averments:—

It was alleged that the defendant the Salt River Valley Canal Company was duly incorporated on the sixth day of September, 1875; that the object of the incorporation was to carry on and conduct the business of supplying a portion of the Salt River Valley, in the county of Maricopa, with water for irrigation and for milling, manufacturing, and mechanical purposes, and to this end, and for these purposes, to purchase, construct, and build or dig such canals, ditches, or flumes as may be necessary to convey water from Salt River, taking it from said river at a point at or near the head of the old ditch used by the Swilling Irrigating Canal Company, and conveying said water to such point or points in the above-described valley of the Salt River as may be necessary for the disposal or use of the said water; that the capital stock of said company, as fixed by the incorporators, was twenty thousand dollars, divided into forty shares of the par value of five hundred dollars each; that subsequently such capital stock was increased to twenty-five thousand dollars, and the shares divided into fifty, of the par value of five hundred dollars each. It was further alleged that the purpose of the incorporation was to divert by means of the company's canal water previously appropriated by the shareholders at a time or times when they respectively were owners, occupants, or possessors of lands in said territory, and that the said corporation was also organized by said shareholders in order that they might more efficiently and economically avail themselves of their respective appropriations of water ·and protect their respective interests and rights which they had severally acquired in relation to the use of water for the necessary cultivation and irrigation of lands along the Salt River which they or their predecessors or grantors had acquired, owned, occu-

pied, or possessed for the purposes aforesaid. Plaintiffs fur-
ther alleged that the rights in and to said water and the use
thereof so acquired by plaintiffs, their grantors and prede-
cessors in interest, have ever since been vested in, and are now
vested in, said respective shareholders in said canal company;
that the property acquired by said corporation at its forma-
tion were the structures constituting the Salt River Valley
Canal dam, Salt River Valley Canal, its appliances appur-
tenant thereto, and other property and effects of said corpora-
tion used in maintaining and operating said canal; that the
said rights, respectively, of the shareholders of, in, and to the
waters of Salt River have never rightfully or lawfully be-
come the property of said corporation; that the powers of
said corporation, its directors and its officers, were and are
limited in relation to pecuniary charges or assessments upon
the several shareholders of said corporation for the purposes
only of maintaining, constructing, and operating said canal
and appurtenant ditches so as to duly divert and convey the
waters aforesaid to the lands aforesaid of the shareholders of
said corporation. It is further alleged that at the time of the
construction of the Salt River Valley Canal, and at the time
of the organization of the company, the carrying capacity of
said canal was about 6,670 inches of water; that this amount
had been duly appropriated by the shareholders at the time
of the organization of the company, and said quantity of
water was then needed by them, and has ever since been re-
quired by them for the necessary and proper cultivation of
their arable and irrigable lands; and that the said share-
holders each and every year since the incorporation of said
company have been, and are now, entitled to divert by means
of said canal from Salt River said amount of water, which
amount has ever since been, and now is, necessary for the
proper and necessary irrigation and cultivation of said lands.
It was further averred that the defendants Evans, Fulwiler,
and Hurley were the legally elected and acting directors of
the corporation, constituting the board of directors thereof.
Plaintiffs further alleged that a majority of the shareholders
of said company for at least four years prior to the filing of
the complaint had united in interest, and in their acts were
adverse to and antagonistic to plaintiffs and others similarly
situated, who during said period constituted the minority

shareholders of said corporation; that said majority share-
holders elected officers and directors of the company from
among them with the intent and purpose of violating the cor-
porate rights of plaintiffs and other shareholders similarly
situated; that the violation of said rights consisted in the con-
tinuous and wrongful taking and diversion of the water of the
Salt River, which the plaintiffs and others similarly situated
had duly appropriated and were rightfully entitled to have
conducted and carried by the Salt River Valley Canal, and
which they required for the cultivation and irrigation of their
lands; that said majority shareholders and said officers and
directors united in interest and in acts for the purpose of pro-
moting and advancing the interests of an association known
as the Arizona Canal Company and the interests of a corpora-
tion known as the Arizona Improvement Company, in each
of which said majority shareholders and said officers and
directors are shareholders, and each of which is controlled
and managed by said majority shareholders, said officers and
directors.    It was further averred that the Arizona Canal
Company since in or about the year 1885 had wrongfully and
unlawfully assumed and exercised corporate functions, and
since said year continued to assume and exercise corporate
functions in constructing, maintaining, and operating a canal
in said county of Maricopa for the purpose of obtaining
water from the Salt River, and that at the time of the con-
struction of the said canal the directors of said association
did not own or possess arable and irrigable lands which were
cultivated with said water, or upon which the water conducted
by said canal was used, or was required to be used, for irriga-
tion.    It was also alleged that said majority shareholders of
the Salt River Canal Company, for the purpose of promoting
the interests of the Arizona Canal Company and the Arizona
Improvement Company, and for their own benefit and gain,
since about the month of May, 1888, continuously practiced a
systematic encroachment upon, and a violation of, the rights
of the plaintiffs and others similarly situated, by various
means, plans, and devices, and have wrongfully and unlaw-
fully injured the plaintiffs in their corporate rights, and de-
prived plaintiffs of their said corporate rights, in said Salt
River Valley Canal Company; that among these means, plans,
and devices is an intentional neglect of the structure known

as the "Salt River Valley Canal," and the two arms thereof, known, respectively, as the "Dutch Ditch" and the "Montgomery Ditch"; that this neglect consisted in permitting the said canal and ditches to be filled up by a growth and accumulation of vegetation, and by the deposit therein of earth and vegetable matter, so as to materially obstruct, retard, and diminish the flow of water therein, so that the rightful capacity of said canal to carry water has been diminished and reduced more than one third, and that amount of water which rightfully should have been conveyed and conducted to the lands of the shareholders of the Salt River Valley Canal Company was wrongfully diverted into the Arizona Canal by the defendants for the exclusive benefit of said majority shareholders, and to the great injury of plaintiffs and others similarly situated; that these acts of said majority shareholders, if persisted in, and the failure to perform said duty, if continued, will constitute a danger and continuous injury to the rights and appropriations of plaintiffs, respectively, and others similarly situated, of, in, and to the waters of Salt River made and required by said shareholders as aforesaid; that the quantity of arable and irrigable land owned and cultivated by the shareholders of said corporation which requires water of the Salt River to be diverted thereto and thereon for the purpose of cultivation was twenty thousand acres; that all the water of the Salt River which the rightful capacity of said canal would enable it to carry was needed for the proper cultivation of said lands, yet notwithstanding the said corporation, its officers and directors, against the repeated protests and objections of plaintiffs and other shareholders of said corporation similarly situated, had failed, refused, and neglected to permit said canal to carry said amount of water so required as aforesaid, and which was available, and which could have been diverted into said canal from the said Salt River. The complaint further averred the particulars wherein, during the irrigating seasons from May 15, 1891, up to and including the time of the bringing of the suit, the defendants had failed and refused to permit the full amount of water to flow in said canal, and had diverted from said river, and specified the maximum amounts which were permitted to flow in said canal during said seasons; and that these amounts were insufficient for the needs and require-

ments of plaintiffs and others similarly situated in the cultivation of their said lands.

Plaintiffs further alleged that they and those similarly situated with them have repeatedly complained to the said corporation, its officers and directors, of the aforesaid failures and refusals to permit the amount of water required and needed by them as aforesaid to be diverted from said river into and to be conducted by said canal. And have repeatedly notified said corporation, its officers and directors, that they needed and required said water for the purposes aforesaid, but that notwithstanding said complaints, expostulations, and notifications, said corporation, its officers and directors, have wrongfully and unlawfully, and in violation of the obligations and duties which devolved upon them, and in violation of the rights of plaintiffs and other shareholders similarly situated, failed and refused to remedy the wrongs so complained of as aforesaid. And they, for their own pecuniary gain and profit, permitted other and antagonistic corporations to divert and use the waters of Salt River which plaintiffs and others similarly situated were entitled to and should have had conducted to them by means of said Salt River Valley Canal; that said plaintiffs and others similarly situated did petition the said defendants for the redress of the grievances suffered and complained of, and did submit the said petition to a meeting of the shareholders of said corporation held upon the 15th of May, 1894, and that upon said occasion a majority of the shareholders of said corporation, its officers and directors, denied the redress demanded by said minority shareholders. It is further alleged that the majority shareholders of the Salt River Valley Canal Company combined wrongfully and unlawfully with the two corporations known as the Arizona Improvement Company and the Arizona Canal Company, their officers and directors, and with the officers and directors of certain other canal companies, to control the said Salt River Valley Canal Company for the benefit of said Arizona Canal Company, and to that end devised the scheme and plan, and in violation of the rights of said minority shareholders, of segregating and disassociating the interests of the shareholders of said Salt River Valley Canal Company in the waters of Salt River which they had duly acquired from the lands held, owned, possessed, and occupied by them,

respectively, under said canal, for the purposes of cultivation, and in pursuance of said scheme, plan, and combination said majority of said shareholders did cause to have on or about the 23d of May, 1888, passed and adopted a resolution by which it was claimed and provided that certain restrictions and limitations were imposed on the shares of all the shareholders of said corporation, and upon their rights, respectively, to the use of water which had been duly appropriated by them, and which was duly acquired by them as aforesaid, and which resolution provided, in effect, that one hundred and fifty water-rights should be divided and distributed to the shareholders of the corporation by way of dividends, which water-rights were to be conveyed to and vested in the several holders thereof by deeds of conveyance, and which were to be distinct and separate from the shares of stock held by said shareholders; and that the plan and purpose of this was to unlawfully and fraudulently restrict the several appropriations of water which the said shareholders were lawfully entitled to under their said appropriations, and as provided by the organization of said company; that said plaintiffs, although having refused and declined to surrender their shares in said corporation under said resolution, have nevertheless been compelled by defendants to submit to said plan of supplying water required by them, respectively, for the irrigation and cultivation of their lands, and as a result of said plan and scheme have had the water to which they were justly entitled greatly diminished in amount, and by said action of defendants the crops and lands of plaintiffs have been greatly injured and damaged; that as a further result of said plan and scheme plaintiffs and others similarly situated have been compelled to purchase of the defendant corporation for a money consideration, in each irrigating season, the right to the use of water for irrigating their lands under said canal which they are lawfully entitled to under their appropriations, and independently of the payment of any consideration to defendants except the lawful assessments and charges ordinarily arising in the business of maintaining and operating the said dam and canal. It is further alleged that the majority shareholders of the defendant company have wrongfully and unlawfully caused a large number of the shares of the Salt River Valley Canal Company to

Arizona 6—11

be sold and transferred to the Arizona Improvement Company, and have claimed to segregate the same from the lands cultivated under said canal for which said water was appropriated, and that the holders of said shares, by holding the same wrongfully and unlawfully, controlled the management of the said Salt River Valley Canal Company, and annually continued to operate said scheme and plan, and annually elected the officers and directors of the Salt River Valley Canal Company and various other canal companies, including the Arizona Canal Company and the Arizona Improvement Company; that since the adoption of the said resolution the said majority shareholders of said defendant company have continuously devested plaintiffs and other shareholders similarly situated of their rightful use of the water of said Salt River, and have diverted the same into the Arizona Canal, when the same was needed and required for plaintiffs and others similarly situated, to lands not entitled to the use of the same lying under the Arizona Canal, claiming water from the Arizona Canal Company, to the pecuniary profit and advantage of said majority shareholders, and have made large profits from the sales of water to parties who had no right to the same. It is further charged in the complaint that the said majority shareholders of the defendant company, its officers and directors, in excess of the corporate powers of the said defendant company, and in violation of law, and to the injury of the rights of plaintiffs and others similarly situated, and for purposes of pecuniary profit, have entered into certain unlawful leases, agreements, contracts, and other written instruments for the use of water of the Salt River which had been duly appropriated by, and the use of which belongs to, the shareholders only of the Salt River Valley Canal Company. It is further charged in the complaint that the said officers and directors of the defendant company, in connection with others, fraudulently and unlawfully constructed a canal known as the "Crosscut Canal" out of moneys assessed upon shares of plaintiffs and other shareholders of said company, and have subscribed to the stock of said Crosscut Canal and Power Company, held, voted, and used said stock to the extent of one sixth of the capital stock of said Crosscut Canal and Power Company. It is further charged and alleged that the said defendant company, its officers and

directors, have unlawfully authorized and permitted the said
Arizona Improvement Company to publicly advertise the con-
trol and domination of the defendant company to be in the
said Arizona Improvement Company, and have permitted the
said last-named company to use the franchise of the defend-
ant company, its property, interests, effects, and rights, for
the benefit and advantage of said Arizona Improvement Com-
pany, and to the great damage and injury of the defendant
company and its franchise, and to the damage of plaintiffs
and other shareholders of said corporation similarly situated;
and have further permitted the diversion during the winter
months of what was known as the "winter water," and to
which shareholders of the said defendant company were en-
titled, to be diverted upon lands of persons not shareholders
of the defendant corporation, and thereby diminishing the
flow of water in said Salt River Valley Canal, and when
plaintiffs and others similarly situated required said water
for the purposes aforesaid; and that defendants threatened to
continue the wrongful and unlawful acts complained of. It
was further charged that the defendants, in fraud of the
rights of the plaintiff and others similarly situated, during
the pendency of a certain suit to which the defendant company
was a party plaintiff, entered into a certain secret agreement
with the other parties to said action, wherein and whereby
it was sought to deprive the Salt River Valley Canal Com-
pany of rights to the use of water of the Salt River which the
court in said suit had awarded the defendant company; and
that said agreement was made without authority, and in pur-
suance of the scheme and plan on the part of the said major-
ity shareholders, its officers and directors, to devest plaintiffs
and other shareholders of the Salt River Valley Canal Com-
pany of their rights to the same; and that if said agreement
be permitted to be carried into effect, it will be productive of
great and irreparable damage and injury to the plaintiffs.

The prayer of the complaint was, in substance: 1. That
the defendants be enjoined from diverting water of the Salt
River required by plaintiffs and others similarly situated to
others not shareholders in the Salt River Valley Canal Com-
pany, and who do not own or possess lands under said com-
pany; 2. That the resolution adopted by said defendant
company and all acts of said defendant company having for

their purpose and aim the segregation of the appropriations of water made by the shareholders of the defendant company from the ownership and the control of the lands owned or possessed by said shareholders or their grantors or predecessors in interest be declared null and void; 3. That the powers of the said defendant company under its franchise be declared to be limited, restricted, and confined to the maintenance of the dam and canal known as the "Salt River Valley Canal," and of the structures necessary and required to convey the waters of the Salt River which the various shareholders of said corporation are rightfully entitled to; and be further restricted and confined to the care and maintenance of the same, and to the operation of the same for the purpose of carrying and conveying the waters aforesaid; 4. That said defendants be enjoined from levying charges, collecting or receiving moneys or other consideration from the respective shareholders of said defendant company, except in due proportion thereof as may be needed for reasonable and proper compensation of the officers of the company, and for the liquidation of other lawful corporate charges and expenses for the maintenance and operation of said canal and dam; 5. That an accounting be had of the moneys derived or received by said majority shareholders from the sale or rent of water of the Salt River of which plaintiffs and others similarly situated have been wrongfully deprived, when they were entitled to and required the same for the cultivation and irrigation of their lands; 6. That an accounting be had for the moneys derived or received by the defendant company and said majority shareholders for the sale or rent of said water to said minority shareholders, and that it be ascertained what the excess of said amount of money is over the rightful amount properly and lawfully charged against them for the maintenance and operation of said canal, and that said excess be repaid to these plaintiffs and others similarly situated; 7. That all certificates of shares of stock not owned and held by persons or corporations who are inhabitants of the territory of Arizona, and owners, occupants, or possessors of arable and irrigable lands for cultivation and irrigation on which the waters of Salt River are required to be carried by, or may be lawfully diverted through, the said Salt River Valley Canal, be declared null and void, and in excess of the cor-

porate powers of said corporation to issue; 8. That all
agreements, resolutions, or acts by which defendant company
became incorporator and member of the Crosscut Canal and
Power Company, and by which the corporate funds of the
defendant company were subscribed and appropriated to the
purchase of shares of capital stock of said Crosscut Canal and
Power Company, be declared null and void; 9. That the di-
rectors of the defendant company be enjoined and restrained
from acting as directors of the Arizona Canal Company or the
Arizona Improvement Company; 10. That the defendants be
forever enjoined and restrained from selling, leasing, or rent-
ing the waters of the Salt River which the shareholders of the
defendant company are entitled to, need, and require for the
cultivation and irrigation of the lands owned or possessed by
them; 11. That it be further decreed that all contracts and
agreements heretofore made by the defendant company, its
officers or directors, in relation to the sale, lease, rent, or use
of the water aforesaid, be rescinded, and that the defendant
company be forever enjoined from the further performance
or recognition of the same; 12. That the injunctions prayed
for herein be made perpetual; that plaintiffs recover the costs
and disbursements in the action, and for general relief.

The answer of the defendants contained: 1. A general de-
murrer to the effect that the complaint did not state facts
sufficient to constitute a cause of action; 2. A general denial.

A referee was appointed by the court for the purpose of
hearing and taking the testimony in the cause, and to report
and submit the same when taken. On October 28, 1895, the
cause came on for hearing upon the report of the referee, and
on February 1, 1897, the cause was finally submitted to the
court for its decision. On July 12, 1897, the court, on its own
motion, dismissed the complaint without prejudice to the right
of the plaintiffs to bring a new action. From this action of
the court the appellants bring this appeal.

The reasons assigned by the trial court for the dismissal of
the action were: First, that the complaint was multifarious,
in that it contained several separate and distinct causes of
action; second, because of a defect of parties defendant. The
objection of multifariousness in a pleading is applicable un-
der the code practice, which provides for but one form of
action for suits at law and in equity as under the ancient

equity practice, and the same rules govern in the one case as in the other. ''By multifariousness is meant the improperly joining in one bill distinct and independent matters, and thereby confounding them; as, for example, the uniting in one bill of several matters perfectly distinct and unconnected against one defendant, or the demanding of several matters of a distinct and independent nature against several defendants, in the same bill.'' Story's Equity Pleading, sec. 271. The objection that the bill contains several distinct and disconnected matters against one defendant is, strictly speaking, one of misjoinder of causes of action; and the objection that a bill contains independent and distinct demands against several defendants is one of misjoinder of parties. But whether the multifariousness in the bill be of the one kind or the other, the rule which prohibits it is based upon expediency, and is enforced whenever distinct matters are so intermingled as to inconvenience and embarrass a defendant in his defense, produce delay, or cause unnecessary trouble and expense to a party in litigating matters with which he has nothing to do. It has also been enforced in some instances when the court finds it impracticable or difficult to frame a satisfactory decree owing to the contradictory or repugnant nature of the several matters declared upon. The proper method of raising the objection of multifariousness in a complaint is by demurrer, and if the objection is not so taken the defect is waived. The court may, however, *sua sponte,* at any stage of the proceedings before judgment, dismiss a bill which contains the vice of multifariousness. Whether a bill which is multifarious be dismissed upon demurrer or by the court upon its own motion, the action of the court is held to rest in sound discretion, and will not be disturbed unless substantial justice requires it.

Is the complaint in this action multifarious? It is apparent from a reading of the complaint that in the mind of the pleader the grievances complained of centered in and about the conduct of the Salt River Valley Canal Company, its officers and directors, in relation to the plaintiffs, first, as shareholders of the company, and second, as appropriators of water. It is averred that at the time of the organization of the Salt River Valley Canal Company its original stockholders were the owners of arable and irrigable lands of the

Salt River Valley, and had made valid appropriations of water from the Salt River for the irrigation of the same; that the company was organized by said appropriators for the single purpose of building and maintaining a conduit through which they might efficiently and economically have delivered to them from the Salt River their several appropriations of water; that the powers of the corporation were limited by its organization to the construction, maintenance, and operation of the structures constituting such conduit, and the levy and collection from its shareholders of such charges as would be necessary for such purposes, and no more. It is distinctly averred that the corporation did not, at the time of its organization, and has never since, acquired any interest in the various appropriations of water made by the shareholders, nor any right to limit, restrict, control, sell, divert, or otherwise dispose of the water which the various shareholders of the company, as appropriators, owned, held, or possessed, as owners of arable and irrigable land; but that, on the contrary, the only property owned, held, or possessed by the company since its organization was and is the dam, canal, and its various arms, constituting the conduit for the diversion and carriage of the water appropriated as aforesaid by said shareholders. It is not averred in the complaint, nor does it anywhere appear, that the shareholders of the corporation have any right to the use of water through the company's canal by virtue of their relation as shareholders of the company. Nor is it at all clear just what are the relations of the plaintiffs as appropriators of water with respect to the company. The complaint fails to make clear whether the company, by reason of some contractual relation originating outside of and apart from the corporate relation, owes a duty to each shareholder to deliver to him through the company's canal the water which his appropriation entitled him to. It is asserted, however, in the complaint, that the shareholders, as appropriators, possess the right to the use of the company's canal for the irrigation of their lands; but whether this right rests in contract or is one which the law will imply is not averred nor made clear by any allegation in the complaint. If the right to have water carried by the company's canal and delivered upon particular land be merely an incident to the ownership of stock in the company, and not a matter of individual con-

tract with the company, then a violation of this right is a breach of the obligation existing between the corporation and its stockholders, and is to be remedied by an action in the nature of a stockholders' suit. But if, on the contrary, it be a matter apart from the corporate relation, then its violation is merely a breach of contract, and the remedy must be sought for in a suit for the enforcement of an individual right. Doubtless it might have been provided in the articles of incorporation that the right to have water conveyed for the irrigation of particular lands through the company's canal should be an incident to the ownership of stock in the company, but we do not read the complaint as implying this to be the case. It is averred: "That the object of said corporation was to carry on and conduct the business of supplying a portion of the valley lying upon the north side of Salt River, in the county of Maricopa and territory of Arizona, and in the vicinity of the town of Phœnix, with water for irrigation, and for milling, manufacturing, and mechanical purposes, and to this end, and for this purpose, to purchase, construct, and build or dig such canals, ditches, or flumes as may be necessary to convey water from Salt River, taking it from said river at a point at or near the head of the old ditch used by the Swilling Irrigating Canal Company, and conveying said water to such point or points in the above-described valley of the Salt River as may be necessary for the disposal or use of said water." It cannot be inferred from the foregoing excerpt from the complaint that the right to the use of water is an incident to the ownership of stock. Again, it is asserted in the complaint that the company, by its organization, is limited to the construction, maintenance, and operation of the company's canal as a conduit for water needed and required for the irrigation of plaintiffs' lands. It is also asserted that the company may not charge for this service a greater proportionate amount from any stockholder than will reasonably be sufficient for the maintenance and operation of the company's property. They also deny that the company has any power to derive revenue from any other source, and the attempt of the company to do this is made a cause of complaint. The right of the company to the control and disposition of the water which it carries other than to supply the plaintiffs as appropriators is denied. The right of a stockholder, as such, is

necessarily limited by the rights of the company. And if, therefore, the company has no property interest in the water diverted and carried by it, then a stockholder, as such, can have no such right. And the failure of the company, therefore, to divert and carry water which may be needed by appropriators, whether they be stockholders or not, cannot properly be said to be a violation of the duty which the company owes to its shareholders by reason of the corporate relation. The right, therefore, to the use of water through the canal of the defendant company must be construed, from the averments of the complaint, to be a personal one, resting not on the corporate relation, but on contract, to be enforced as an individual right. The averments that the defendants were unlawfully diverting water to the use of which plaintiffs were entitled, and are wrongfully depriving the latter of their right to the use of the same in the irrigation of their lands, must be held to constitute a cause of action distinct and severable from any contained in those averments which show misconduct on the part of the defendant company and its officers in the wrongful assumption of corporate powers and in the wrongful management and disposition of the corporate property.

The complaint does, therefore, contain two causes of action. But are these necessarily inconsistent or repugnant? The plaintiffs are the same and the defendants are the same in the cause of action for the enforcement of individual rights and in the causes of action for the enforcement of corporate rights, and they each call for equitable relief. Thus far no rule of equity or code pleading is violated. The complainants, however, in seeking to correct and remedy abuses in the exercise of corporate powers by the defendant company and its officers, and to restrain the *ultra vires* acts of said company and its officers, sue in right of the corporation, and thus may, in a sense, be said to sue in a representative character. Such a suit is, in effect, one brought by the corporation. In seeking to enforce their right as appropriators of water, plaintiffs are suing in their individual capacity. To this extent there is a misjoinder in the technical sense that plaintiffs in the two classes of action do not sue in the same right. It is not, however, the mere fact that several causes of action are united in the same suit which the plaintiffs may bring in different rights that will make a complaint bad by reason of

multifariousness.    There must be such an inconsistency or repugnancy in the various rights declared on as to cause confusion and embarrassment on the part of the court in administering the relief which the facts might warrant were separate suits brought for the enforcement of the several rights. An examination of the complaint does not disclose any inconsistency or repugnancy in the enforcement of the plaintiffs' rights as stockholders and as appropriators of water. If plaintiffs' averments be true, the redress sought by them in their rights as stockholders against the defendant company and its officers, if granted, will not in any wise interfere with the granting of the relief sought by plaintiffs as appropriators of water.    On the contrary, the granting of the former will, in effect, be in aid of the latter.

It is undoubtedly true, as pointed out by the trial court, that many of the grievances complained of by plaintiffs involve transactions in which third parties, not made parties to the action, are involved, and whose rights may be vitally affected were the court to attempt to ajudicate upon them.    Had this defect been raised by the pleadings, it might properly be held to be a sufficient reason for the dismissal of the action.    This was not done, and the defendants chose to go to trial upon the issues without suggesting such defect, or asking that the new parties defendant be added.    Under the statute the court had the power to order these parties brought before it and made parties defendant before entering a decree which might operate to their prejudice.    And if the new defendants thus brought in had chosen, they would have had the right to have the entire case reopened in so far as their rights were involved.    They undoubtedly would have had the right to plead *de novo,* and to a trial *de novo,* so far as the issues involved affected their interests in the suit.    This might have caused some inconvenience and added expense to the other defendants, which, in the absence of any other consideration, should properly be controlling, and would have justified the action of the trial court in dismissing the action as a proper exercise of judicial discretion. If, however, the dismissal of the action by the trial court should operate oppressively upon the plaintiffs, and to their substantial disadvantage, even though at fault in omitting to make proper parties defendants, it is our duty not only to review the action of the trial court, but as well to correct it.

Many of the grievances complained of are of many years' standing, and it is not only probable, but altogether likely, that the bar of the statutes of limitations might be successfully interposed were plaintiffs required to begin new actions. Upon this ground alone we hold that, instead of dismissing the action, the court should have ordered new parties defendant to be brought in and the cause determined either upon the pleadings as they stand or upon such amendments as might be allowed.  Nor could the defendants now before the court well complain of this, inasmuch as they did not see fit to raise either the question of multifariousness or defect of parties by demurrer, but permitted the testimony to be taken upon the issues as made by the pleadings, and the case to come to a hearing upon its merits, without objecting upon either of those grounds.  Upon the whole record, and under the view we take of the possible injury which may accrue to plaintiffs from the dismissal of the suit, we feel compelled to reverse the action of the court below.  In justice to the trial court, it is only fair to say that the possibility that any of plaintiffs' causes of action would be barred were plaintiffs required to bring new actions was not called to its attention.

So far as the judgment of the court below in the matter of costs is concerned, it will not be disturbed.  But the order of the court dismissing the action is vacated, and leave granted to the plaintiffs either to file a supplemental bill bringing in additional parties defendant or to amend the complaint so as to render this unnecessary, as they shall elect.

Doan, J., and Davis, J., concur.