[Civil No. 863.   Filed March 30, 1906.]

[84 Pac. 908.]

A. L. HENSHAW et al., Plaintiffs and Appellants, v. THE SALT RIVER VALLEY CANAL COMPANY, a Corporation, et al., Defendants and Appellees.

1. WATER AND WATER-RIGHTS—LIMITATION OF ACTIONS—PLEADING—INJUNCTION.—A complaint alleging that plaintiffs are appropriators of water, that certain defendant canal companies are distributing it to subsequent appropriators, and that all of the defendants many years ago entered into a wrongful agreement under which they are now dividing the waters of the river in stipulated proportions among themselves, to the entire disregard of the rights of plaintiffs, although showing on its face that the agreement was made at a time since which the various periods of the statutes of limitations have elapsed, is not barred by the statutes of limitations, the gist of the action being to enjoin wrongs now being perpetrated and threatened to be continued.

2. SAME—INJUNCTION—PARTIES.—Parties to a contract under which water is alleged to be distributed to the injury of plaintiffs are proper parties defendant in an action to enjoin a continuance of the wrongful distribution.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Edward Kent, Judge. Reversed.

Statement of facts:—

A. L. Henshaw and others, minority shareholders of The Salt River Valley Canal Company, brought suit against that

company and others to obtain certain equitable relief. To the complaint defendants interposed a demurrer. The demurrer was sustained, and judgment entered thereon. From this judgment plaintiffs have appealed. Reversed.

William Herring, and Thomas Armstrong, Jr., for Appellants.

C. F. Ainsworth, Street & Alexander, and J. M. Jamison, for Appellees.

NAVE, J.—A. L. Henshaw and others, representing themselves to be minority shareholders of the Salt River Valley Canal Company, brought suit against that company, the Arizona Water Company, and the Grand, Maricopa, Mesa, and Utah canal companies, corporations, to obtain certain equitable relief. The defendants, answering separately, demurred to the complaint, setting up by their demurrers several statutes of limitations, misjoinder of parties plaintiff, misjoinder of parties defendant, misjoinder of causes of action, and that the complaint does not state facts sufficient to constitute a cause of action. The objection as to the misjoinder of parties and causes of action is effectually disposed of by a former decision of this court in this same case. *Henshaw v. Salt River Valley Canal Co.*, 6 Ariz. 151, 54 Pac. 577. The complaint has been amended since it was formerly before this court by eliminating that cause of action wherein the plaintiffs as appropriators and beneficial users of water sought relief without reference to their relation to the Salt River Valley Canal Company as shareholders. The plaintiffs now complain solely in their capacity as shareholders in that company.

Matters in considerable variety and in some confusion are set up in the complaint, most of which still stand as they were summarized in the former opinion of the court, cited, *supra*. Stating the substance of the complaint in the briefest possible manner, it is that the plaintiffs are owners of shares of stock of the Salt River Valley Canal Company; that this company was organized to divert and convey water from Salt River to shareholders for beneficial use upon lands owned by such shareholders; that the Arizona Water Company owns the

majority of the stock of and is in control of the Salt River Valley Canal Company, the Grand Canal Company, and the Maricopa Canal Company, and also owns and operates a canal known as the "Arizona Canal"; that by willfully reducing the capacity of the Salt River Valley Canal, by selling water as a commodity to persons claiming to be shareholders who own no lands under that canal and have no appropriations of water thereunder, by selling water as a commodity to users of water under the Grand, Maricopa, and Arizona canals, who, with respect to plaintiffs, are subsequent appropriators of water from Salt River, and by other enumerated devices, all to the exclusive profit of the Arizona Water Company, plaintiffs and all shareholders of the Salt River Valley Canal Company in like situation with them are, to their continuous injury, deprived of the water to which they are entitled as shareholders owning lands and appropriating water through this canal to beneficial use upon such lands, and are forced to pay for such water as they can obtain in a manner and in an excessive amount, in violation of rights assured to them as such shareholders; that plaintiffs have demanded of the Salt River Valley Canal Company, its officers and directors, that they remedy the abuses complained of, but that relief has been denied, due to the wrongful influence and control exercised by the Arizona Water Company; that as part of the general wrongful scheme all of the defendants many years ago entered into a wrongful agreement under which they are dividing the water of Salt River in stipulated proportions among themselves, to the entire disregard of the rights of plaintiffs as such shareholders and beneficial users of water.

Appellees contend that it is shown upon the face of the complaint that this agreement was entered into by the defendants so long ago that the periods prescribed by the various statutes of limitation set up in the demurrer have elapsed; moreover, that the various wrongs complained of by plaintiffs have been continuously perpetrated for a period longer than that prescribed by any of these statutes. Assuming, without determining, that this contention is well founded, it becomes necessary to determine whether the plaintiffs are deprived of remedy by interposition of the bar of any or all of these statutes. There is nothing in the complaint to disclose that any person, natural or artificial, has acquired ad-

verse rights as against these plaintiffs.   The wrongfulness of
the various acts of the defendants, when scrutinized, ulti-
mately consists in their effect to deprive the plaintiffs of the
use of water to which they allege that they are entitled, and
to impose upon them unjust burdens in the use of such water
as is supplied to them.   No one of the defendants appears to
have an appropriation of or to be beneficially using any
water.   Therefore the matter resolves itself into the question
whether plaintiffs are deprived of remedy by virtue of the
fact that for a period in excess of that prescribed by any
applicable statute of limitations they have permitted the de-
fendants to trespass upon their rights as shareholders.   We
believe that they have not so lost their remedy.   If my neigh-
bor, playing tennis, pursues a stray tennis-ball upon my lawn,
breaking and damaging my hedge and beds of flowers, I have
a cause of action for the damage, instantly accruing, which
after the lapse of a period is barred by statute.   Suppose my
neighbor persists in his tennis-playing and in frequent tres-
passes in pursuit of stray balls for years beyond the period of
limitation.   When my patience is finally exhausted, am I pre-
vented from recovering damages for those acts of trespass
within the statutory period, or from obtaining an injunction
to prevent future trespass, for no other reason than that I
have tolerated the acts for years beyond the period of statu-
tory limitation?   Such is neither the purpose nor the effect
of the statutes of limitation.   Of course, circumstances may
exist which would make it inequitable to permit plaintiffs,
who have apparently acquiesced for years in an infringement
upon their rights, to insist upon these rights.   This is true
irrespective of statutes of limitation, and involves an appli-
cation of the doctrine of laches.   We have held at this term
in *Costello* v. *Muheim*, 84 Pac. 906, *post*, p. 422, that if such
circumstances exist, and do not appear upon the face of the
complaint, they must be specially pleaded in defense.   It is
conceivable that by reason of plaintiffs' delay some appro-
priators and beneficial users of water may have acquired by
adverse user rights which should defeat the remedy which
plaintiffs seek; but it does not so appear upon the face of
this complaint.   The plaintiffs are not seeking damages for
wrongful acts perpetrated prior to the period of limitation,
nor relief based upon such acts; but are seeking to put an

end to wrongs now being perpetrated and threatened to be continued. Because they have endured these wrongs for many years, it is not an inevitable conclusion that they may not be heard now in an effort to end them.

From the statement made it is manifest that the complaint is not obnoxious to general demurrer on behalf of the Salt River Valley Canal Company or the Arizona Water Company. The agreement set up in the complaint and alleged to be in operation among all the defendants is sufficient to show that the Grand, Maricopa, Mesa, and Utah canal companies have an interest in the continuance of at least a portion of the wrongful acts complained of, and therefore that they may properly be brought into this suit as parties defendant. See 4 Thompson on Corporations, secs. 4585, 4586.

For these reasons, the demurrers should not have been sustained, and the judgment of the district court was erroneous.

The judgment is reversed and the case remanded to the district court for further proceedings.

SLOAN, J., DOAN, J., and CAMPBELL, J., concur.