Paul Eugene **TESSIER**

v.

**UNITED STATES of America.**

Civ. A. No. 55–1052.

United States District Court
D. Massachusetts.

Oct. 30, 1957.

Robert D. Kilmarx, Timothy H. Donohue, Boston, Mass., John J. McHugh, Waltham, Mass., for plaintiff.

Anthony Julian, U. S. Atty., John M. Harrington, Jr., Asst. U. S. Atty., Boston, Mass., for defendant.

ALDRICH, District Judge.

On November 30, 1955, plaintiff filed a complaint in this court under the Federal Tort Claims Act. In it he alleged that in June, 1947 he had been operated upon at a Veterans' Hospital, during the course of which operation a piece of metal was negligently permitted to remain in his body. He alleged that this negligence occasioned subsequent difficulties, for which he was hospitalized from time to time, and that while so hospitalized, sometime between February 22 and May 20, 1954, the metal was first discovered. The government moved to dismiss because the action was not commenced within two years of the date of its accrual. 28 U.S.C.A. § 2401. The plaintiff answers that it accrued only when it was discovered. Quite properly he does not assert exemption from the statutory period by virtue of fraudulent concealment of the cause of action. Cf. Maloney v. Brackett, 275 Mass. 479, 176 N.E. 604.

On May 9 the plaintiff moved for leave to file an amended complaint, setting forth that recovery was sought not only for the negligence occurring in 1947, but for continuing negligence in the failure of the government thereafter to discover the metal. This motion was allowed, with the proviso that the amended complaint would not relate back to the filing of the original. In response to an order, the plaintiff specified that his interim hospitalizations were at various dates, the last being April 27 to June 19, 1953, and February 22 to March 31, 1954. The government presses its motion to dismiss.

I must deal first with a matter of procedure. Strictly, on the basis that the amended complaint would not relate back, the plaintiff gained nothing, and may have lost something, by filing the amended complaint, since it was filed more than two years after, even on his theory, any cause of action accrued. I did not intend, however, to rule that the cause of action originally set forth would be lost by filing of the amended complaint, but, simply, that to the extent, if at all, that it contained a new cause of action, that one would not go back. To a certain extent, now to be set forth, I will now go a little further in his favor.

If the amended complaint were to be regarded as having been filed in November, 1955, the matter of the operation of the statute would present a not altogether novel question, although all of the cases cited by the parties do not seem truly relevant. I lay aside those where the plaintiff knew he was injured at the early date, but did not know the act was negligent, or of its damaging consequences, until after the statutory period had run. E. g., Deer v. New York Central Railroad Co., 7 Cir., 202 F.2d 625; Bizer v. United States, D.C.N.D.Cal., 124 F.Supp. 949. I also lay aside cases where no trauma was involved but conduct injurious only because it was continuous,

such as exposure to a cumulatively unsafe condition. Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282. On the specific matter of negligently leaving a foreign object in the body of the plaintiff following an operation, some courts have held the cause of action accrues only on the plaintiff's discovery of the presence of the object. E. g., Huysman v. Kirsch, 6 Cal.2d 302, 57 P.2d 908 ("continuing negligence" in not removing the object); Rosane v. Senger, 112 Colo. 363, 149 P.2d 372. Contra, Wilder v. Haworth, 187 Or. 688, 213 P.2d 797; Lindquist v. Mullen, 45 Wash.2d 675, 277 P.2d 724. To the contention that the contra, and more generally accepted, rule unfairly restricts the plaintiff, the Washington court answers that there is also a policy against stale claims. This answer seems particularly apposite where the act, as here, makes timely suit a condition of liability. See Morgan v. United States, D.C.N.J., 143 F.Supp. 530, a F.T.C.A. case involving an improper blood transfusion.

 In my opinion continuing misconduct should not toll the statute for that portion which occurred beyond the normal statutory period prior to suit, if that portion was in itself actionable. Cf. Henshaw v. Salt River Valley Canal Co., 9 Ariz. 418, 84 P. 908; Missouri Pacific Railroad Co. v. Holman, 204 Ark. 11, 160 S.W.2d 499. Indeed, in some cases of continuing misconduct, courts bar recovery for all subsequent injury after the original statutory period has run. Gregoire v. G. P. Putnam's Sons, 298 N.Y. 119, 81 N.E.2d 45; Winrod v. Time, Inc., 334 Ill.App. 59, 78 N.E.2d 708; Tennessee Gas Transmission Co. v. Fromme, 153 Tex. 352, 269 S.W.2d 336. I think plaintiff would be harmed, if anything, by a concept of continuing negligence. And if defendant's conduct is regarded, and proven, as separable acts of malpractice, rather than true continuing negligence, there is no reason for any one occurrence to operate to revive the statute as to any past activity.

The motion to dismiss is denied, however. I amend my prior order to the extent of permitting the case to stand for trial with respect to any separate act of misfeasance or negligent non-feasance occurring on and after February 22, 1954, a date set forth in the original complaint. I will not go back any further, however, not only because of the view that I take as to the statute, but also because it is clear from the pleadings that until May, 1957, the plaintiff was not claiming damages for negligence occurring subsequent to June, 1947 and prior to February, 1954.