## ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY v. BIGGS.

I. STATUTE OF LIMITATIONS: *Against action for damages by nuisance.*

Where a nuisance is of a permanent nature, and its erection and continuance are necessarily an injury, the damage it causes may be fully compensated at once, and the statute of limitations runs against an action therefor from the time the nuisance is constructed. But where, although the structure constituting a nuisance is of a permanent character, its construction and continuance are not necessarily injurious, but may or may not be so, the injury to be compensated in a suit is only the damage which has happened, and there may be as many successive recoveries as there are successive injuries. In such case the statute of limitations does not begin to run until the happening of the injury complained of.

2. SAME: *Same.*

In 1873 the defendant railway company built an embankment for its road-bed through the Red river bottom near the land of the plaintiff. The embankment was constructed above the overflow to which that river is subject, and has since been maintained in its original condition. The plaintiff brought this action to recover damages sustained in the year 1885, through the destruction of her levees, fencing and crops by an overflow of her lands, which, as she alleges, resulted from the construction of said embankment without sufficient openings to permit the passage of the water. HELD: That the statute of limitations began to run against the plaintiff's action from the time the damage sued for was sustained, and not from the time when the road-bed was constructed.

APPEAL from *Hempstead* Circuit Court.

C. E. MITCHEL, Judge.

Appellee sued the railway company, and alleged that she owned certain lands lying on Red river, Arkansas, a short distance north of defendant's railway. That defendant's railway had been constructed through the Red river bottom in 1873, and had been carelessly and negligently constructed and maintained ever since. That by reason of said railway track having been kept and maintained at a great elevation above the said Red river bottom without sufficient openings, plaintiff's land had, on the 17th of April, 1885, been overflowed, and the water had been caused to remain longer thereon. That the

levees and fencing had been washed away, and the crops destroyed to her damage $8000.

The defendant answered, admitting the construction and completion of its railway entirely through Red river bottom in 1873, and that it did not touch any of plaintiff's land, but it denied that its railway was negligently or carelessly constructed, or that it had been carelessly or negligently maintained since its construction. It also admitted that the Red river bottom was subject to overflow, and that its road-bed, in order to make its road serviceable, had been constructed above overflow. It denied that the openings were insufficient to carry off the water, or that plaintiff had been damaged by reason of any act of omission or commission on its part.

Second—The statute of limitations of three years was then pleaded.

Third—The answer then alleged that the railway and road-bed had been built through Red river bottom in 1873, by the Cairo and Fulton Railroad Company, under and by virtue of its charter granted by the State of Arkansas; that it was skilfully and carefully constructed under its charter rights, which were specifically pleaded, and that it had ever since been carefully maintained in the exact same condition as when built. That if plaintiff had been damaged thereby the injuries were unavoidable, for which defendant was not responsible.

Fourth—That the defendant was the successor of the Cairo and Fulton Railroad Company, by reason of its consolidation with the St. Louis and Iron Mountain Railway Company, and was thereby the owner of the property, rights, franchises and charter of said Cairo and Fulton Railroad Company.

The testimony tended to show that the railroad embankment was built in 1873. That the Red river bottoms had been overflowed, including appellee's lands, in 1866, 1867, 1869, 1876 and 1885. That by reason of insufficient openings in said railway embankment, the water in cases of unusual over-flow, was impeded and rose higher and remained longer upon

plaintiff's lands than it had formerly done. That in 1885 plaintiff's crops were destroyed and her levee broken by water "set back" from the railway embankment.

The following instructions, as asked by defendant, were refused

## I.

"The jury are instructed that to entitle the plaintiff to recover, it must be proved that the said defendant, in building its railroad, or in constructing some part of its works in connection therewith, so obstructed or impeded some natural stream or flow of water in such a careless and unskilful manner as to cause the same to overflow the premises of the plaintiff, thereby causing the damages complained of; and that such unskilful work was done and embankment built, within three years next before the commencement of this action ; and if plaintiff fails to prove either of the above facts, your verdict must be for the defendant."

## IV.

"The jury are instructed that if they find from the evidence that the defendant did, by erecting its railway embankment south of Red river, upon its own grounds and upon grounds not belonging to plaintiff, and by want of sufficient culverts or openings through said embankment, wrongfully obstructed the flow of water from above the same and from plaintiff's premises, whereby the damage complained of was done, nevertheless, if you find from the evidence that said embankment was built and constructed more than three years next before the commencement of this suit, then the plaintiff is barred by the statute of limitations, and you will therefore find for the defendant."

## V.

"The jury are instructed that, if they find from the evidence that the embankment and trestles of the defendant complained of in this suit, were built and completed more

than five years prior to the bringing of this suit, then their verdict must be for the defendant railway company."

The verdict being for $960, a motion for a new trial was filed and overruled, and defendant appealed.

The only defense urged in the court below and here is the statute of limitations.

*Dodge & Johnson*, for appellant.

The injuries complained of were barred by the statute of limitations of three years. *35 Ark., 362; ib., 622; 39 id., 463.*

*Scott & Jones*, for appellee.

The decisions in *39 Ark., 463*, and *35 id., 622–6*, are not applicable. There the injury complained of was damage to land by reason of depreciated market value by reason of erection of a nuisance.

The true rule as to nuisances permanent in their character, but *not necessarily* injurious, but may become so, is that the statute does not run until the injury actually happens. *Sec. 16 East, 215; 2 Gr. Ev. (7th ed.), sec. 433; Wood on Nuisances, sec. 865; Wood on Limitations, 180; 1 El. B. & E., 622; 10 C. B. (N. S.), 763 ; Angell on Lim. (5th ed.), sec. 300 ; 11 Tenn., 382, S. C. 14 A. & E. R. cases, 284; 17 id., 45; 11 id., 562; ib., 509; 12 N. E. Rep., 427; 11 id., 264; 38 N. W. Rep., 545; 17 N. E., 171; 11 Atl. Rep., 888; 49 Ark., 418; 36 N. W. Rep., 339; 36 N. W. Rep., 451; 16 N. E. Rep., 239.*

SANDELS, J. The alleged nuisance was constructed in 1873. The injury complained of was in 1885. It is argued by the appellant that the statute of limitations began to run against appellee upon the construction of the nuisance. *Ry. Co. v. Morris, 35 Ark., 622;* and *Ry. Co. v. Chapman, 39 Ark., 463*, are relied on as establishing this contention. The facts in those cases make them clearly distinguishable from this case.

The rules applicable to the recovery of damages for the construction and continuance of nuisances in cases of this kind are stated satisfactorily to this court by numerous au-

STATUTE OF thorities, as follows:   Whenever  the  nuisance  is of a perma-
LIMITA-
T.ONS: nent  character and its construction and  continuance are *neces-*
Nuisance.
*sarily* an injury, the  damage is original, and  may be, at once,
fully compensated.   In such case the  statute of limitations
begins to run upon the construction of the nuisance.   *Ry. v.
Morris, 35 Ark., 622; Ry. v. Chapman, 39 Ark., 463.*   But
when such structure is permanent in its character, and its con-
struction and continuance are *not necessarily* injurious, but may
or may not be so, the injury to be compensated in a suit is
only the damage which has happened; and there may be as
many successive recoveries as there are successive injuries.   In
such case the statute of limitations begins to run from the
happening of the injury complained of.   *Roberts v. Read, 16
East, 215; 2 Grl. Ev., 433; L. & N. Ry. v. Hays, 14 A & E.
Ry. Cases, 284; Troy v. Cheshire Ry. Co., 23 New Hamp., 83;
Wood on Nuisances, sec. 865; Wood on Limitations, 180; An-
gell on Limitations, 300.*   This case falls within the latter class.
    Affirm.