St. Louis, Iron Mountain & Southern Railway Company *v.* Stephens.

Opinion delivered January 9, 1904.

Limitation—construction of railroad—overflow.—An action against a railroad company to recover damages to land by overflow caused by having allowed insufficient openings in its embankment for certain drains and sloughs is not barred by limitation, although the railroad was completed more than three years before the alleged injuries were sustained, if it was uncertain at the time the railroad was completed whether it would injure the land or not.

Appeal from Craighead Circuit Court.

Felix G. Taylor, Judge.

Affirmed.

### STATEMENT BY THE COURT.

Letitia Stephens is the owner of 80 acres of land in Craighead county, upon which is her dwelling house and farm. The land lies east of the railroad track of the St. Louis, Iron Mountain & Southern Railway Company, the nearest point of the land

being one-eighth of a mile distant from the railroad. A creek running in a southeasterly direction by her land is crossed by the railroad a short distance west of her land. This creek during recent years has overflowed her farm, and has caused considerable injury to the crops growing thereon. Mrs. Stephens claims that this is due to the negligence of the railroad company in not constructing its roadbed with sufficient openings where it crosses certain other drains and sloughs not far from the creek, whereby it forces into this creek water that would otherwise be carried off by those other drains and sloughs, and for the further reason that the company negligently changed the course of the creek in such a way as to make an abrupt curve in the channel thereof just below where the railroad crosses it, thus causing the water of the creek in times of high water to overflow its banks, and to injure the crops growing on the farm of plaintiff.

She brought this action to recover for the injury to such crops in the years of 1898 and 1899. On the trial she recovered a judgment for $366.50, from which judgment the company appealed.

*Dodge & Johnson,* for appellant.

The verdict of the jury was contrary to the law and unsupported by the evidence. The court erred in refusing the eleventh instruction as asked by appellant, and in modifying same. The court also erred in refusing the first instruction asked by appellant. 62 Ark. 360; 35 Ark. 622; 39 Ark. 463. The court erred in allowing the amendment to complaint.

*Lamb & Gautney,* for appellee.

There was no error in the instructions. Appellant should have alleged surprise and moved for a continuance in the regular manner, if the amendment was in fact a surprise. 2 Ark. 45; 33 Ark. 91; 34 Ark. 659; 55 Ark. 567; 57 Ark. 60. The cause was not barred by limitation. 52 Ark. 240; 56 Ark. 581.

Riddick, J. (after stating the facts). It is conceded that the evidence in this case is sufficient to sustain the judgment, but the defendant contends that the action is barred by the statute of limitations, and this is so if the statute commenced to run at the time the road was constructed. Now, the evidence shows that the

creeks and drains which plaintiff claims were obstructed by the construction of the railroad were not completely closed thereby. Openings were left, which afterwards proved to be insufficient, but this was not known at the time the road was constructed. Whether or not they would prove to be so was uncertain, so that it could not be known at that time that the construction of the road in that way was necessarily injurious to the land of plaintiff. In this respect the case is different from the cases of *St. Louis, I. M. & S. Ry. Co.* v. *Anderson,* 62 Ark. 360, and *St. Louis, I. M. & S. Ry. Co.* v. *Morris,* 35 Ark. 622 ; and the statute of limitations on the plaintiff's right of action for injury to the crop growing on her land did not commence to run until the injury happened. *St. Louis, I. M. & S. Ry. Co.* v. *Biggs,* 52 Ark. 240; *Railway Co.* v. *Yarbrough,* 56 Ark. 612.

Judgment affirmed.