CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.*
McCUTCHEN.

Opinion delivered October 8, 1906.

1. LIMITATIONS OF ACTIONS—OVERFLOW—OCCASIONAL INJURY.—Where a railway company constructed its embankment so near to a ditch which drained plaintiff's land that the dirt from the embankment would slide off into the ditch and periodically cause plaintiff's land to overflow, the injury was not permanent, and the landowner's right of action for each successive injury accrues when the injury occurs, and is not barred by a former recovery in an action for a prior injury. (Page 237.)

2. APPEAL—HARMLESS ERROR.—Where it was the duty of defendant railroad company, as lessee of a railroad, to keep a certain drainway open, error of the court in permitting plaintiff to read defendant's lease in evidence was harmless. (Page 238.)

Appeal from St. Francis Circuit Court; *Hance N. Hutton,* Judge; affirmed.

*E. B. Peirce* and *T. S. Buzbee,* for appellant.

1. The action brought by the lessor of this appellant on February 28, 1904, is a bar to this action. The complaint in that case, without alleging damages for any particular year or time, alleged that 12 acres of land was damaged to such extent as to prevent its cultivation "or use for any purpose." The damages sued for and awarded were for a permanent injury. 62 Ark. 360.

2. This action is barred by the statute of limitations.

3. It was error to admit in evidence the fifth paragraph of the lease between appellant and the lessor. If it assumed the liability of the lessor, it can not be held to respond thereto until there is judgment against the lessor, or the latter is made a party to the suit. 68 Ark. 171.

*J. M. Prewett,* for appellee.

1. The actions were for continuing wrong, for which successive recoveries may be had.

2. The cause of action is not barred. 52 Ark. 240; 57 Ark. 387.

3. The fifth paragraph of the lease between appellant and its lessor was admissible to show appellant's duty to the public in operating the demised property.

McCULLOCH, J.  The plaintiff, James McCutchen, is the owner of a tract of land in St. Francis County across which runs the line of railroad now operated by the defendant, Chicago, Rock Island & Pacific Railway Company as lessee of the Choctaw, Oklahoma & Gulf Railroad Company; and he sues to recover damages alleged to have been sustained by reason of flooding of the land with water which prevented, during the year 1904, the cultivation of a crop.

He alleges in his complaint that the railroad company, in raising its roadbed during the year 1901, constructed an embankment which obstructed a ditch draining the surface water from plaintiff's land, and that, "because of the failure of the defendant to keep open the said ditch, the water at that point collects and stands on plaintiff's land, and so did collect and stand on it during the crop season of 1904 as to overflow six acres of it, and prevent plaintiff from cultivating it, or from using it for any purpose."

It appears from the evidence that the railroad company, in raising its roadbed for a sidetrack, obstructed the ditch so that it would not convey the water from plaintiff's land, and allowed the water to accumulate on the land and prevent the making of a crop.  The railroad was not constructed across the ditch, but a side track was raised so close to it that the dirt slides off the embankment into the ditch.  The railroad company caused the ditch to be opened up several times, but allowed it to fill up again with dirt from the embankment.  The plaintiff planted corn on the land in the spring of 1904, and when the corn was about waist high it was flooded with water and ruined by reason of the obstruction of the ditch.

This action was commenced March 8, 1905, and the defendant introduced in evidence and pleaded in bar of this action the record in an action commenced on February 28, 1904, by the plaintiff against the Choctaw, Oklahoma & Gulf Railroad Company to recover damages for flooding of the same tract of land by reason of obstructing the ditch in question.  The complaint in the former action contains substantially the same allegations as the complaint in the present case, and the record shows that there was a judgment by consent of parties rendered on September 9, 1904, in favor of this plaintiff for the sum of $50 damages.  The

defendant also pleaded the statute of limitation against plaintiff's right of recovery.

The jury returned a verdict in favor of the plaintiff for $36 damages. Judgment was rendered accordingly, and the defendant appealed.

It is contended by appellant that the building of the embankment and consequent obstruction of the ditch was a permanent injury to plaintiff's land, as defined by this court in *St. Louis, I. M. & S. Ry. Co.* v. *Anderson*, 62 Ark. 360; that the judgment in the former action is a bar to further recovery; and that, the obstruction to the ditch having been caused more than three years before the commencement of this action, the same is barred by limitation. In the Anderson case just cited, the railroad was constructed across a natural ditch or drainway, and the railway company subsequently caused a trestle to be closed up and the drainage stopped, and the court held that the obstruction constituted a permanent injury, and that the statute of limitations began to run against an action for damages from the time the trestle was closed.

In *St. Louis, I. M. & So. Ry. Co.* v. *Biggs*, 52 Ark. 240, the court said: "Whenever the nuisance is of a permanent character, and its construction and continuance are necessarily an injury, the damage is original, and it may be at once fully compensated. In such case the statute of limitations begins to run upon the construction of the nuisance. * * * But, when such structure is permanent in its character, and its construction and continuance are not *necessarily* injurious, but may or may not be so, the injury to be compensated in a suit is only the damage which has happened; and there may be as many successive recoveries as there are successive injuries." The same doctrine was applied to a similar state of facts in *Railway Co.* v. *Cook*, 57 Ark. 387, and in *St. Louis, I. M. & S. Ry. Co.* v. *Stephens*, 72 Ark. 127.

The distinction between the Anderson case and those last cited is that in the former there was a complete obstruction of the drainway, thus creating a permanent obstruction which necessarily caused a permanent injury, whilst in the latter there was only a partial obstruction which rendered the drainway insufficient at times, and made the future injury dependent upon the seasons and the quantity of rainfall. This distinction is pointed

out and observed in the recent case of *St. Louis S. W. Ry. Co.* v. *Morris,* 76 Ark. 542.

Now, the testimony in the case at bar does not establish a permanent obstruction. The embankment was not built across the ditch, closing it up as in the Anderson case. The filling in of the ditch was caused by dirt sliding into the ditch from the embankment from time to time, and the negligence of the employees of the company in failing to clean it out. This could easily have been done, and this omission can not be regarded as a permanent injury to the land.

In the case of *Baker* v. *Allen,* 66 Ark. 271, where damages were sought to be recovered for an alleged permanent injury to land from the building of an embankment less than two feet high to prevent the passage of surface water, the court said: "When we consider the ease with which this small embankment could be opened or closed, and also the purpose of the tenant in closing the same, it seems clear that the act of such tenant did not constitute a permanent injury to plaintiff's land. * * * As the levee could easily be opened, and such prospective injury avoided, it would be unjust, as well as unreasonable, under such circumstances, to presume conclusively that the nuisance would be continual, and the injury made permanent."

For still another reason, we think that the injury complained of in this case can not be regarded as permanent so that full compensation can and must be had in one suit. It was not caused by any wrongful act of the railroad company in building an embankment across the ditch and thus closing it up, but the injury resulted, from a negligent failure to open the ditch when obstructed by an accumulation of dirt which was allowed to fall in from the embankment. It would be unjust to presume that the negligence will continue, to the permanent injury of the land, and the owner may recover for each successive injury sustained.

We are therefore of the opinion that the right of action for the injury complained of was not barred either by the statute of limitations or by the judgment in the former action.

Error of the court is also assigned in permitting the plaintiff to read in evidence the contract for lease of the railroad between defendant and the Choctaw, Oklahoma & Gulf Railroad Company. It was the duty of the defendant, as lessee and operator of

the road, to keep the drainway open. So the provisions of the contract were immaterial to the issue, and the introduction of the contract in evidence was harmless.

Judgment affirmed.

HILL, C. J., (dissenting.) McCutchen testified that the railroad company filled up the ditch in 1901, and that it had ever since been obstructed by the filling up at that time when an embankment of the railroad was raised. Read, who gave testimony more favorable to appellee than his own, says: "I was able to keep the ditch open until they raised the side track. The company has opened it two or three times since. The first big rain it slides off from the dump and fills it up." This shows that the ditch was filled up over three years before this suit was filed; that the act creating the obstruction was then done; and despite repeated opening of the ditch the construction of the embankment in 1901 causes, from its nature and manner, the obstruction to remain in the ditch. The cases of *St. Louis, I. M. & S. Ry. Co.* v. *Biggs*, 52 Ark. 240, *Railway Company* v. *Yarborough*, 56 Ark. 611, *Railway Company* v. *Cook*, 57 Ark. 387, *St. Louis, I. M. & S. Ry. Co.* v. *Anderson*, 62 Ark. 360, and *St. Louis S. W. Ry. Co.* v. *Morris*, 76 Ark. 542, settle the cause of action as one created by the obstruction in 1901; and consequently it was barred when this action was brought.

Appellee, under a complaint which was sufficient to have recovered for all prospective as well as present damage to his land, took a judgment by consent for $50. This barred another action for the same cause.

The action should be reversed and dismissed.