## TURNER v. OVERTON.

### Opinion delivered June 1, 1908.

1. LIMITATION OF ACTIONS—PERMANENT AND ORIGINAL NUISANCE.—When a nuisance is of a permanent character, and its construction and continuance are necessarily an injury, the damage is original, and may be at once fully compensated, and the statute of limitations begins to run upon the construction of the nuisance. (Page 408.)

2. SAME—CONSTRUCTION OF DITCH.—Where defendants by constructing a ditch straightened the channel of a creek so as to accelerate the

flow of its water, and thereby caused the lands of a subjacent proprietor to be overflowed and the soil to be washed therefrom, the injury was permanent and original, and the statute of limitations began to run from the time the ditch was constructed. (Page 409.)

Appeal from Clay Circuit Court; *Frank Smith,* Judge; affirmed.

### STATEMENT BY THE COURT.

Appellant, W. V. Turner, was and had been, for several years prior to the institution of the present suit, the owner of a four hundred acre tract of land east of Greenway, in Clay County, of which 125 acres were cleared and cultivated in 1905. Quick Creek runs through his farm from west to east, making many meanderings therein. In the spring of 1902, appellees dug a ditch 2,066 feet long along the section lines above appellant's farm for the purpose of straightening the channel of the creek. When first completed, the ditch was six or seven feet wide at the top, about two feet wide at the bottom and four or five feet deep. The ditch was designed to take the place of the old bed of the creek, which was very crooked. It did not carry all the waters of the creek until 1905. In January, 1906, the ditch had an average size of twenty-four and one-half feet in width and six and four-tenths feet in depth. When first constructed, the ditch was of about the same capacity as the old channel of the creek, but on account of being straight its current was much swifter. There were about twelve overflows during the year 1905. The creek overflowed its banks on appellant's land, and the action of the water washed the soil from some of his land and cut deep gullies across other portions of it. The worst part of the overflow and the swiftest current was on that part of appellant's land nearest the outlet of the ditch. Appellant testified that overflows never occurred on that part of his land prior to 1905, and that the land overflowed there when the creek was only half bank full.

Appellant brought this suit to recover damages, alleging that the overflow was caused by the construction of the ditch accelerating the flow of the water in the creek.

Appellees answered, making a general denial, and pleading the statute of limitations of three years.

There was a jury trial and verdict for the appellees. The case is here on appeal.

*L. Hunter, Huddleston & Taylor* and *R. E. L. Johnson,* for appellant.

1. Each proprietor upon running water flowing in a definite channel, constituting a watercourse, has the right to insist that the water shall continue to run as it has been accustomed; and no person has a right to alter the usual flow of such watercourse in any manner injurious to others above or below him. 39 Ark. 463; 44 Ark. 360; 81 Ga. 637; 30 Am. & Eng. Enc. of Law (2 Ed.), 378. Appellees were wrongdoers *ab initio,* and are bound absolutely by the condition of the creek's channel as it was when the wrongful acts complained of were committed. They are chargeable with knowledge that the straightened channel of the creek would accelerate the flow of the water, and knew that by digging the ditch the increased flow of water would be cast upon and damage appellant's land. 69 S. W. 782; 73 Md. 41.

2. The action is not barred. The facts conclusively show that the ditch when dug was not necessarily injurious, but that it might or might not become so. 76 Ark. 542; 56 Ark. 612; 57 Ark. 387; 72 Ark. 127; 80 Ark. 235; 82 Ark. 387.

*Moore, Spence & Dudley* and *Lamb & Caraway,* for appellees.

The action is barred by the statute of limitations. 52 Ark. 245; 56 Ark. 612; 57 Ark. 387; 72 Ark. 127; 76 Ark. 542; 80 Ark. 235; 82 Ark. 387.

Hart, J., (after stating the facts). The appellees have pleaded the statute of limitations of three years in bar of this action. The suit was commenced on the 23d day of December, 1905, and the undisputed testimony shows that the ditch complained of was constructed during the spring of 1902.

In the case of *St. Louis, I. M. & S. Ry. Co.* v. *Biggs,* 52 Ark. 240, the rule is stated as follows:

"Whenever the nuisance is of a permanent character, and its construction and continuance are necessarily an injury, the damage is original, and may be at once fully compensated. In such case the statute of limitations begins to run upon the con-

struction of the nuisance. * * * But when such construction is permanent in its character, and its construction and continuance are not necessarily injurious, but may or may not be so, the injury to be compensated in a suit is only the damage which has happened, and there may be as many successive recoveries as there are successive injuries. In such case the statute of limitations begins to run from the happening of the injury complained of."

This rule has been repeatedly followed by the court, being applied according to the facts in each individual case. *Railway Company* v. *Yarborough*, 56 Ark. 612; *Railway Company* v. *Cook*, 57 Ark. 387; *St. Louis, I. M. & S. Ry. Co.* v. *Anderson*, 62 Ark. 360; *St. Louis, I. M. & S. Ry. Co.* v. *Stephens*, 72 Ark. 127; *St. Louis S. W. Ry. Co.* v. *Morris*, 76 Ark. 542; *Chicago, R. I. & P. Ry. Co.* v. *McCutchen*, 80 Ark. 235; *St. Louis, I. M. & S. Ry. Co.* v. *Hoshall*, 82 Ark. 387.

Counsel for appellant in their brief contend that appellees were wrongdoers *ab initio,* and that they are chargeable with knowledge that the straightened channel of the creek, made so by the construction of the ditch, would so accelerate the flow of the water as to materially injure the land of appellant.

Conceding this to be true, the damage was original and susceptible of immediate estimation. In other words, they claim that the injury to the land resulted from the construction of the ditch. Therefore it necessarily follows that the cause of action was barred at the institution of the suit. The physical facts bear out this view. The evident object of digging the ditch was for the purpose of straightening the channel of the creek across the lands through which it runs, and thereby draining the lands. It was obvious that water would flow faster through a straight than through a crooked channel. That the velocity of the water in the channel of the ditch was greater than that in the old channel of the creek must have been perceptible from the first. That the swifter current would cause the banks of the ditch to be worn away, and thus make it deeper and wider, was also apparent. The present and future effect upon the land could have been ascertained with reasonable certainty, and the injury complained of was permanent in its character.

Therefore, we are of the opinion that the action is barred

by the statute of limitations. Having held that the action is barred by the statute of limitations, it is not necessary to determine the other questions presented by the appeal.

Judgment affirmed.