BOAS *v.* MISSOURI PACIFIC RAILROAD COMPANY.

Opinion delivered March 5, 1923.

1. LIMITATION OF ACTIONS—INJUNCTION AGAINST OBSTRUCTING CREEK.—A suit to enjoin a railroad from obstructing and diverting the natural flow of a creek by filling in a trestle spanning it and digging a ditch too small to accommodate the flow during heavy rains, thus causing water to back up over plaintiff's lands, is barred after three years from completion of the embankment, the nuisance as well as the injuries being original and permanent.

2. LIMITATION OF ACTIONS—INJUNCTION AGAINST DISCHARGE OF WATER.—A suit to enjoin a railroad company from discharging water from day to day from its boilers and roundhouse into an insufficient ditch dug by it, resulting in the water being backed upon plaintiff's land and becoming stagnant, is not barred within three years from completion of the ditch, the injury being caused by a continuing nuisance.

Appeal from Lawrence Chancery Court, Eastern District; *Lyman F. Reeder,* Chancellor; reversed in part.

*W. A. Cunningham,* for appellants.

The right of action is not barred. Where the obstruction is not *necessarily* an injury, or where the party damaged cannot tell the extent of the injury, or where the obstruction may be remedied, the injury is successive, and not original.   57 Ark. 398; 52 Ark. 243; 95 Ark. 302.

*Thos. B. Pryor* and *Ponder & Gibson,* for appellee.

The action is barred. The trestle was filled in in 1902, at which time the ditch was cut draining the creek

down the west side of the railroad.   The injury was permanent, and the statute ran from that date.   107 Ark. 169; 62 Ark. 360; 86 Ark. 406; 92 Ark. 465; 93 Ark. 46; 35 Ark. 662; 39 Ark. 463; 56 Ark. 613; Wood on Limitations, 3d ed., § 180.

HUMPHREYS, J.   Appellants, twenty-eight in number, commenced this suit in the Eastern District of the Lawrence Chancery Court, to enjoin appellee from obstructing the natural flow of Turkey Creek until it provides complete drainage to carry off the water, and from discharging water from their boilers and roundhouse into the ditch cut on the west side of its tracks to turn Turkey Creek, which water backs up to and on the lands of appellant in such way as to stand and become stagnant.

Appellee filed an answer admitting that it obstructed the natural flow of Turkey Creek by damming the channel or filling in the draw where the creek crossed the roadbed east of the lands of appellants, and turning the water into a ditch on the west side of its track, but alleging that the right of action, if any, was barred by the three years statute of limitation; and denying that it is discharging water from its boilers and roundhouse into the ditch which backs up to and on the lands of appellants so as to stand and become stagnant.   Other defenses were introduced, but the proof was largely directed to the defenses set out above, so we deem it unnecessary to set out the others.

The court found that the cause of action was barred by the three years' statute of limitation, and dismissed the bill of appellants for want of equity.

From the decree dismissing the bill an appeal has been prosecuted to this court.

Appellants were owners of certain lands in the town of Hoxie immediately west and across appellee's railroad track from its terminal and switch yard.   Originally Turkey Creek flowed down from the north part of said property and passed under the main line of the railroad and thence in a southerly direction along the east side of

the roadbed for a considerable distance before crossing back to the west side thereof. In 1902 appellee filled in the gap of its roadbed where the creek first crossed it, so as to obstruct the flow of water, and, in order to carry it off, dug a ditch in a southerly direction along the west side of the roadbed to connect with Turkey Creek where it crossed the roadbed a second time. According to the weight of the evidence, the ditch was not large enough to carry off the water, and during the heavy rains the lands of appellants were inundated and greatly damaged with back-water.

The nuisance complained of consisted in filling in the trestle which theretofore spanned Turkey Creek, so as to divert the water from the channel of the creek, and by digging a ditch too small to accommodate the flow of water during heavy rains. The decided weight of the testimony shows that, before the trestle was filled and the ditch constructed, the water had not backed up over any of appellants' lands, but immediately thereafter and since that time has backed up and seriously affected said lands. The nuisance as well as the injuries were original and permanent, and the rights of action to enjoin the nuisance or sue for damages on account of permanent injuries accrued when the construction was completed in 1902, and suits should have been instituted within three years after that time. This court said in the case of *Turner* v. *Overton,* 86 Ark. 406: "When the nuisance is of a permanent character and its construction and continuance are necessarily an injury, the damage is original and may be at once fully compensated, and the statute of limitations begins to run upon the construction of the nuisance." The facts in that case are quite similar to the facts in the instant case, and the rule announced therein is applicable and controlling here. Appellants are clearly barred from maintaining this suit to abate the original and permanent nuisance. The case, however, is different with reference to water being continually emptied into the ditch from the boilers and roundhouse. The weight of the testimony is to the ef-

fect that the water discharged from the roundhouse either passed through a sump into the ditch, or directly into it, to such an extent that it backs up two blocks in dry weather and stands in a stagnant pool near or on said lands. The act of appellee in discharging this water into the ditch from day to day is distinctively a continuing nuisance and injury. It is in no sense a part of the original nuisance and injuries. The action to abate it was not barred when this suit was instituted. The court erred in dismissing this, the second cause of appellants' action.

The decree is affirmed as to the first cause of action, but reversed and remanded as to the second, with directions to enjoin appellee from emptying water out of its boilers and roundhouse, directly or indirectly, into the ditch or the bed of Turkey Creek north of the ditch, without preparing facilities for carrying the water off.