Brown v. Arkansas Central Power Company.

Opinion delivered May 23, 1927.

1. Limitation of actions—maintenance of nuisance.—Complaint for damages sustained for three years from soot, noises and odors from the operation of defendant's power plant as a continuing wrong, not alleging negligence, *held* to state a cause of action where it does not appear that the certainty, nature and extent of the damage could be reasonably known at the time of the plant's construction, so that the statute of limitations was not set in operation as to the injuries until their occurrence.

2. Limitation of actions—when the statute begins to run.—Where a power plant in its operation was such that damages must necessarily result, and the certainty, nature and extent of the damage can then be reasonably ascertained and estimated, the statute of limitations begins to run at the time of the construction.

3. PLEADING—ADMISSION BY DEMURRER.—A demurrer admits the allegations of the complaint.

4. LIMITATION OF ACTIONS—DEMURRER.—In an action at law the statute of limitations cannot be taken advantage of by demurrer unless the complaint shows that the action is barred.

5. PLEADING—DEMURRER.—In determining whether a demurrer to a complaint should be sustained, every allegation made therein, together with every inference which is reasonably deducible therefrom, must be considered.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; reversed.

*Chas. Stan Harley* and *Robert J. Brown, Jr.,* for appellant.

*Elmer Schoggen* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

MEHAFFY, J.   The complaints in the two cases are substantially the same, and allege the ownership of property by plaintiffs, describing same, and allege that the defendant is a corporation operating an electric light and street-car system, and that it owns and operates a power plant for generating electricity, located in the adjoining block to and east of plaintiff's property, just across the street from same.

Continuing, plaintiff states:

"That, in the operation of defendant's said power plant, coal and slack are burned for the purpose of generating steam, and in the burning of same there is thrown off, emitted and permitted to escape from the smokestack or chimney of said power plant, smoke, soot, cinders, ashes, and other refuse, which is thrown, falls, drops and is blown into and upon, and settles in and upon plaintiff's said property hereinabove described, to her great injury, stopping her drains, causing her roofs, gutters, downspouts, walls and cornices to rot, blackening and destroying the paint on said houses and on the roofs thereof, soiling and ruining the floors, walls and wallpaper, paints, varnishes and other interior finishes, soiling the clothes of the plaintiff and of her family, friends and guests, killing shrubs, flowers, trees and grass, making

her housework heavier and more burdensome, it being impossible to keep her house and houses which she rents in a clean and neat condition, thereby destroying the comfort of plaintiff's home, and causing her and the members of her family great and unbearable personal annoyance, discomfort and suffering.

"That, at said power plant, the defendant owns, maintains, and uses a traveling crane, which, plaintiff is informed, believes and therefore alleges, is used for the purpose of unloading coal, coal slack, and other fuel from railway cars; that, in the operation of said crane, there is caused a loud, grinding, whirring noise, caused by the grinding of the gears, so plaintiff is informed and therefore alleges, and this noise is loud, penetrating and annoying, said crane being operated any and all hours of the day and night, said noise being so annoying, penetrating and nerve-racking that plaintiff, the members of her family, her tenants and families of said tenants, are unable to sleep, rest or enjoy peace and quiet, and particularly the said crane, when so operated, prevents plaintiff from enjoying the peace, quiet and pleasure of her home.

"That defendant has acquired possession of and is using and has been using for some time past a lot directly across the street from plaintiff's property hereinabove described, and that on said lot it has piled a large number, and is continually piling and maintaining on said lot a large number of telephone poles, piles, timber, lumber, and other forest products, all or most of same having been treated with creosote, and that from said creosote timbers there is thrown off an overpowering odor of creosote, to such extent that the pleasure and enjoyment of plaintiff's home and the pleasure and enjoyment of her tenants and their families is materially affected, her comfort, as well as that of the members of her family, her tenants and their families, being thereby destroyed, this odor being more marked during the summer, when it is desirable to use her porches and to keep the windows of her home and tenant houses opened.

"That the injuries and damages hereinabove alleged are not the result of the construction of defendant's power plant as an original wrong, but are the result of the manner of operation of said plant by said defendant as a continuing wrong, the injuries and damages being successive. That defendant can reasonably operate its said power plant without causing the injuries and damages hereinabove alleged; that the operation of defendant's said plant is such as to constitute a nuisance, specially injuring and damaging plaintiff as aforesaid.

"That, on account of the nuisances hereinabove described, she has had to reduce the rentals on her rental houses, has had to expend large sums continually in repairing same, in excess of that which would be necessary on account of the ordinary wear of same; that, even though she has reduced the rentals on her said houses below what a reasonable rental for such houses so situated would be, she has been unable to keep the same rented, although many expressed the desire to rent and occupy the houses, but refused to do so on account of the nuisances and acts of the defendant above described; that those who have rented and occupied said houses have remained only a short time, when they would leave on account of the acts of the defendant hereinabove described and set out.

"That she has been damaged by the acts of the defendant hereinabove set out during the three years immediately prior to the filing of the complaint herein, as follows:

"Loss of rent on rental houses $1,080; damage to houses, including her residence, from cinders, soot, smoke, etc., $3,600; personal annoyance, discomfort and the loss of the enjoyment of her home $5,000.

"Wherefore plaintiff prays judgment in damages against the defendant for the sum of $9,680, for costs, and all other general and proper relief."

The defendant filed a motion to require plaintiff to make his complaint more definite and certain, which

motion was granted, and plaintiff then filed the following amendment to his complaint:

"Comes the plaintiff, Mary E. Brown, and by leave of the court and in response to defendant's motion to make more definite and certain, files this her amendment to her complaint.

"That the particular acts and conduct of the defendant in the operation of its plant which are wrongful and cause the operation thereof to constitute a nuisance are as follows:

"The use of soft coal and slack for the purpose of generating steam, in the burning of which there is thrown off and emitted smoke, soot, cinders, ashes and other refuse; permitting to escape from the smokestack or chimney of its said power plant smoke, soot, cinders, ashes and other refuse, which is thrown, falls, drops and is blown upon plaintiff's premises as alleged in her original complaint; the burning of coal as fuel without efficient spark and cinder arresters, cinder traps or screens, and without efficient smoke consumers or smoke-washing equipment; the burning of coal in its furnaces in such manner as does not secure complete combustion; the making of a grinding, whirring, loud, penetrating, nerve-racking noise in the operation of its traveling crane; the use of a lot directly across the street from plaintiff's property for the purpose of piling and storing telephone poles, piles, timbers, lumber and other forest products treated with creosote, there being thrown off therefrom an overpowering, sickening odor.

"That the particular injuries and damages which are successive and which flow from the wrongful operation of said plant are those mentioned in the original complaint.

"That the particular wrongful acts of the defendant, resulting in damage to the plaintiff, have been occurring from time to time, and at times, almost continuously during the period of three years immediately prior to the filing of the original complaint herein.

"Wherefore plaintiff prays as in her original complaint."

Defendant renewed its motion to make more definite and certain after the amendment to the complaint was filed, and the trial court treated the motion as a demurrer, and sustained said demurrer, and plaintiffs have refused to plead further, but stood on their complaints, and the court dismissed the complaints, and plaintiffs appealed.

The only question therefore for the consideration of this court is whether the complaint states a cause of action.

The plaintiffs do not allege any negligence, either in the construction or operation of the plant. And as to whether the complaint states a cause of action, we think depends upon the decision of this court in *C., R. I. & P. Ry. Co.* v. *Humphreys,* 107 Ark. 330, 155 S. W. 127, L. R. A. 1916E 962. Speaking of the construction in that case, the court said:

"If it is of such a construction as that damage must necessarily result, and the certainty, nature and extent of this damage may be reasonably estimated and ascertained at the time of its construction, then the damage is original, and there can be but a single recovery, and the statute of limitations against such cause of action is set in motion upon the completion of the obstruction. If it is known merely that damage is probable, or that, even though some damage is certain, the nature and extent of that damage cannot be reasonably known and fairly estimated but would be only speculative and conjectural, then the statute of limitations is not set in motion until the injury occurs, and there may be as many successive recoveries as there are injuries."

Many cases decided by this court are cited in the above case, but we think it unnecessary to refer to any case except this one, because it is the settled law of this State that, if the plant and its operation are such that damage must necessarily result, and the certainty, nature and extent of this damage may be reasonably ascertained

and estimated at the time of its construction, the statute began to run when it was constructed.

The demurrer admits the allegations in the complaint, and the allegations are such that, if true, and if not barred by the statute of limitations, they would be sufficient to constitute a cause of ·action.

This· court has many times decided that, in actions at law, the statute of limitations cannot be taken advantage of by demurrer unless the complaint shows that the action is barred.   Under the ruling of the case of *C., R. I. & P. Ry. Co.* v. *Humphreys, supra,* we cannot say that the complaint shows on its face that it is barred, because we cannot say as a matter of law that the construction was such that damage must necessarily result and that the certainty, nature and extent of it may be reasonably ascertained and estimated at the time of construction.

This court has recently said:

''As a rule, the statute of limitations cannot be taken advantage of by a demurrer to the complaint in an action at law unless the complaint shows that a sufficient time had elapsed to bar the action and the non-existence of any ground of avoidance.''  *Flanagan* v. *Ray,* 149 Ark. 411, 232 S. W. 600.

There are many cases holding that the statute of limitations cannot be raised in an action at law by demurrer.  It has also been repeatedly held by this court that ''in determining whether or not a demurrer to a complaint should be sustained, every allegation made therein, together with every inference which is reasonably deducible therefrom, must be considered.''  *Gus Blass Co.* v. *Reinman,* 102 Ark. 294, 143 S. W. 1087; *Cox* v. *Smith,* 93 Ark. 371, 125 S. W. 437, 137 Am. St. Rep. 89; *Moore* v. *Exelby,* 170 Ark. 908, 281 S. W. 671.

We therefore conclude that the court erred in sustaining the demurrer, and the cause is reversed, and remanded with directions to overrule the demurrer.