DANIELS *v.* BATESVILLE.

4-3615

Opinion delivered December 3, 1934.

*L. B. Poindexter* and *Chas. F. Cole,* for appellant.
*W. M. Thompson,* for appellee.

JOHNSON, C. J. By complaint and amendment thereto filed by appellant in the Independence County Circuit

Court in September, 1933, against the city of Batesville, Arkansas, it was alleged, in effect: That during the year 1929 the city of Batesville, a city of the second class, caused to be paved, drained and guttered certain streets adjacent to appellant's real property upon which his home is situated in said city; that, because of the gathering of water from a large territory in said city and throwing it into one drainage, thereby diverting and accelerating the flow thereof into insufficient openings, appellant's property was caused to overflow, etc. The complaint continuing alleges:

"That on or about the 12th day of June, 1933, and at other times, and from time to time, and during heavy rains, the surface drainage from a large territory adjacent to Central Avenue, being most of West Batesville east of Central Avenue and a part of the territory west of Central Avenue, has been concentrated at a point adjacent to plaintiff's property by means of the sewers, gutters, and drains aforesaid, and then discharged in a body onto and across plaintiff's property, thereby flooding plaintiff's sidewalks and causing them to collapse; undermining the foundations of his buildings and the retaining walls constructed on his property causing them to collapse; has damaged his buildings by flooding them from time to time; and has washed and eroded his property by the casting of the surface water onto his property as aforesaid in a volume in excess of the capacity of the drain passing through his property.

"Plaintiff states that, because of the continuing and recurring injuries and damages to his property, the value of said property as a business location is lowered; that the rental value of his property is lowered; that his property is rendered much less desirable and valuable as a residence, or for any other use for which said property is reasonably suited. That, because of the injuries aforesaid, the plaintiff verily believes that he has suffered a damage of twelve hundred and fifty dollars ($1,250), for which said defendant city of Batesville is justly liable.

"Plaintiff further states that the injury complained of is not the construction of the pavement gutters, drains, and sewers along Central Avenue, but is the recurring

damage to said property by the discharge of surface drainage in a mass upon plaintiff's property in a volume in excess of the capacity of the drain passing through his property, thereby causing the damage aforesaid.''

The trial court sustained a demurrer to the complaint thus filed, and appellant declined to plead further, whereupon the complaint was dismissed and this appeal follows.

The complaint and amendment thereto were dismissed because they show upon their face that the alleged cause of action was barred by the three year statute of limitations. Crawford & Moses' Dig., § 6950. Was this error? Our leading case on the question under consideration is *St. Louis Iron Mountain & Southern Ry. Co.* v. *Biggs,* 52 Ark. 240, 12 S. W. 331, where the rule is thus stated: ''Whenever the nuisance is of a permanent character and its construction and continuance are necessarily an injury, the damage is original, and may be, at once fully compensated. In such case the statute begins to run upon the construction of the nuisance. * * * But when such structure is permanent in its character, and its construction and continuance are *not necessarily injurious,* but may or may not be so, the injury to be compensated in a suit is only the damage which has happened; and there may be as many successive recoveries as there are successive injuries. In such case the statute of limitations begins to run from the happening of the injury complained of.''

The case just referred to fell within the latter clause of the rule. In the subsequent case of *St. L. I. M. & S. Ry. Co.* v. *Anderson,* 62 Ark. 360, 35 S. W. 791, we had under consideration a similar question, but the facts were that the railroad was built across a natural drain and a trestle was constructed to permit the passage of the water thereunder, but subsequently this trestle was removed and a solid earthen dump was constructed across the drainway. Upon this statement of facts we held that it fell within the first clause of the rule announced in the Biggs case, and that the cause of action was barred by the three year statute of limitations.

In the subsequent case of *Chicago, R. I. & P. Ry. Co.* v. *McCutchen,* 80 Ark. 235, 96 S. W. 1054, we had under consideration the same question, and all the authorities on the subject were there reviewed, and in concluding the opinion we announced the distinction between the Biggs case, *supra,* and the Anderson case, *supra,* in the following language:

"The distinction between the Anderson case and those last cited [*Ry. Co.* v. *Cook,* 57 Ark. 387, 21 S. W. 1066, and *St. Louis Iron Mt. & Southern Ry. Co.* v. *Stephens,* 72 Ark. 127, 78 S. W. 766; *St. L. I. M. & S. Ry. Co.* v. *Biggs,* 52 Ark. 240, 12 S. W. 331], is that in the former there was a complete obstruction of the drainway, thus creating a permanent obstruction which necessarily caused a permanent injury, whilst in the latter there was only a partial obstruction which rendered the drainway insufficient at times, and made the future injury dependent upon the seasons and the quantity of rainfall."

In the subsequent cases of *Board of Directors of St. Francis Levee Dist.* v. *Barton,* 92 Ark. 406, 123 S. W. 382; *Turner* v. *Overton,* 86 Ark. 406, 111 S. W. 270, *St. L. I. M. & S. Ry. Co.* v. *Magness,* 93 Ark. 46, 123 S. W. 786; and *Chicago, R. I. & P. Ry. Co.* v. *Humphreys,* 107 Ark. 330, 155 S. W. 127, the rule as theretofore announced was consistently adhered to and followed. On the one hand, where the improvement or obstruction was permanent in nature and the resulting injury or damage, if any, necessarily flowed from the construction, we have consistently held that the cause of action must be instituted within three years after the construction of the obstruction. On the other hand, we have consistently held that where the structure is permanent in its character, and its construction and continuance are not necessarily injurious, but may or may not be so, the injury to be compensated in a suit is only the damage which has happened; and there may be as many successive recoveries as there are successive injuries, and in all such cases the statute of limitations begins to run from the happening of the injury complained of. In other words, the rule is if the structure is a complete obstruction of the drainway, thus creating a permanent obstruction which nec-

essarily causes a permanent injury to the realty, the suit must be instituted within three years from the date the obstruction is made; on the other hand, if the obstruction is partial and renders the drainway insufficient at times only, and makes the future injury dependent upon the seasons and the quantity of rainfall, successive actions may be instituted to compensate the injuries as they occur.

The complaint and amendment thereto under consideration alleged, in effect, that appellant's property was overflowed and damaged because of insufficient openings in the drainage system to carry away the excessive flow of water which falls at certain seasons of the year. It appears therefore that the suit is not grounded upon the theory that the structure was permanent and therefore the damage original, but upon the theory of a partial obstruction which rendered the drainage insufficient at times only, and this dependent upon the seasons and the quantity of rainfall.

We conclude therefore that the trial court erred in sustaining the demurrer to the complaint and amendment thereto, and in dismissing same.

For the error indicated, the case is reversed, and the cause remanded for further proceedings.