MISSOURI PACIFIC RAILROAD COMPANY, THOMPSON, TRUSTEE, *v.* HOLMAN.

4-6711                                                  160 S. W. 2d 499

Opinion delivered April 6, 1942.

*Henry Donham* and *Richard M. Ryan*, for appellant.

*H. B. Means,* for appellee.

HOLT, J. July 12, 1940, appellees, Andrew Holman and Ed Henson, sued appellant railroad company, to recover damages alleged to have resulted from negligent acts of appellant in causing water to overflow their lands on February 27, 1938, and April 16, 1939. Appellant denied every material allegation in the complaint and in addition pleaded as a defense the three-year statute of limitation (§ 8928, Pope's Digest) as a bar to appellees' claims, and that appellees had filed a similar suit December, 1932, for damages to these same lands growing out of an overflow for the years 1931 and 1932; that these claims were referred to the Bankruptcy Court at St. Louis, Missouri, by agreement and appellees' claims denied. A jury awarded Andrew Holman $350 and Ed Henson $300. From the judgment on these verdicts comes this appeal.

The facts stated in their most favorable light to appellees, as we must do, are to the effect that sometime in 1928 appellant dug a number of "borrow pits" along its track and roadbed on its right-of-way opposite appellees' lands which adjoined appellant's right-of-way on the north. Appellant also constructed ditches and installed culverts and drain pipes at intervals under its track and roadbed to carry off overflow waters from these borrow pits.

According to the testimony of appellees, in February, 1938, and April, 1939, these borrow pits and ditches had grown up in bushes, weeds and other vegetation and the culverts and drain pipes had become filled and closed up with soil and other matter which caused the overflow waters to go upon and damage appellees' lands. Andrew Holman testified: "A. It is just grown up on the south side and those drain pipes that lay down there and the water can't go anywhere but shoot out in my field because the ditches are grown up so it can't go anywhere else," and on cross-examination: "A. Those ditches need cleaning out and that will keep the water off of my land. Q. What ditches? A. The railroad ditches, those ditches on the main line don't take care of the water."

Appellant earnestly argues that the construction in 1928 of the borrow pits, ditches, culverts and drain pipes, in question, was original and permanent in character and that any claim for damages resulting therefrom to appellees' lands, on account of overflow waters, would be barred within three years from the date of construction. Appellees, however, contended below, and contend here on appeal, that the injuries complained of and upon which the jury's verdicts were based, were of a recurring nature and resulted on account of the failure of appellant in 1938 and 1939 to keep its drain pipes, culverts and borrow pits properly drained.

Causes of this nature must be governed by the particular facts in each case. In *Chicago, R. I. & P. Ry. Co.* v. *Humphreys,* 107 Ark. 330, 155 S. W. 127, L. R. A. 1916E, 1962, the rule is stated in this language: "Upon consideration of the question as to the application of the statute of limitation to these overflow cases, the permanency of the structure or obstruction impeding the flow of water is not the controlling question. Indeed, the question cannot arise unless the obstruction is of a permanent nature, but its permanency does not of itself determine whether the damages, which result from its erection, are original or recurring. If it is of such a construction as that damage must necessarily result, and the certainty, nature and the extent of this damage may be

reasonably ascertained and estimated at the time of its construction, then the damage is original and there can be but a single recovery, and the statute of limitation against such cause of action is set in motion on the completion of the obstruction. If it is known merely that damage is probable, or, that even though some damage is certain, the nature and extent of that damage cannot be reasonably known and fairly estimated, but would be only speculative and conjectural, then the statute of limitation is not set in motion until the injury occurs, and there may be as many successive recoveries as there are injuries. There are many cases in our reports on this subject and their difficulty consists in the application of the law to the facts of each case. (Citing a large number of cases.)'' See, also, *Daniels* v. *Batesville,* 189 Ark. 1127, 76 S. W. 2d 309, and the cases there cited.

It is our view in the instant case that there is sufficient evidence of a substantial nature to go to the jury which showed that the waters were caused to flow over and damage the lands of appellees on account of appellant's failure to keep the ditches, culverts and drain pipes open in 1938 and 1939 as alleged in their complaint, and that the damage was a recurring one. This suit having been filed July 12, 1940, is, therefore, not barred by the statute of limitation. Since the damages here are of a recurring nature any claims for damages to the lands in question by appellees in 1932 would be no bar to damages occurring in 1938 and 1939.

Finding no error, the judgment is affirmed.