Cox *v.* Berry.

5-2454                                    349 S. W. 2d 661

Opinion delivered October 2, 1961.

*R. W. Laster,* for appellant.

*J. Fred Jones,* for appellee.

George Rose Smith, J. The appellant and the appellee own adjoining ten-acre tracts in Pulaski county. On December 2, 1959, the appellant brought this suit to recover damages resulting from the appellee's action in digging a drainage ditch along the boundary line between the two tracts. After a hearing upon the merits the chancellor held that the suit was barred by the three-year statute of limitations governing actions for trespass upon land. Ark. Stats. 1947, § 37-206. The correctness of that conclusion is the issue on appeal.

The ditch was dug at least five years before this suit was instituted. The appellee, who was preparing to subdivide his tract, employed a civil engineer to excavate a channel that would drain the land in accordance with the governing planning regulations. The engineer meant to put the ditch entirely on the appellee's property, but by mistake the excavation encroached slightly upon the appellant's land. Through the years the ditch has been widened by erosion. According to a survey made shortly before the trial the intrusion upon the

appellant's land varied from about two feet to a maximum of eight feet at one point.

The chancellor's conclusion was correct. The statute of limitations has evidently run as far as the original encroachment upon the appellant's land is concerned. As to the additional damage by erosion there is nothing to indicate that this widening of the channel was not the natural and foreseeable result of ordinary rainfall and surface drainage. Thus the injury to the land was certain and permanent rather than uncertain and recurrent. The case falls within our holding in *Turner* v. *Overton,* 86 Ark. 406, 111 S. W. 270, 20 L. R. A. N. S. 894, where with reference to a situation similar in principle we said: "The evident object of digging the ditch was for the purpose of straightening the channel of the creek across the lands through which it runs, and thereby draining the lands. It was obvious that water would flow faster through a straight than through a crooked channel. That the velocity of the water in the channel of the ditch was greater than that in the old channel of the creek must have been perceptible from the first. That the swifter current would cause the banks of the ditch to be worn away, and thus make it deeper and wider, was also apparent. The present and future effect upon the land could have been ascertained with reasonable certainty, and the injury complained of was permanent in its character.

"Therefore we are of the opinion that the action is barred by the statute of limitations."

Affirmed.